### BROUN v. SHANNON.   (No. 1438.)

(Court of Civil Appeals of Texas. Beaumont. Dec. 9, 1926.)

Vendor and purchaser ⨁351(3)—Measure of damages for vendor's breach is difference between contract price and market value at time of breach.

In purchaser's suit for vendor's breach of contract to sell real estate, measure of damages *held* to be difference between contract price of property and market value at date of breach of contract.

Appeal from District Court, Jefferson County; Geo. C. O'Brien, Judge.

Suit by Joseph Shannon against E. Conway Broun. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Barry & Burges and C. E. Pool, all of Beaumont, for appellant.
F. M. Sheffield, of Beaumont, for appellee.

HIGHTOWER, C. J. This suit was filed by the appellee, Joseph Shannon, against the appellant, E. Conway Broun, to recover damages for the alleged breach by appellant of a contract, by the terms of which appellant agreed to sell and convey to appellee a certain house and lot in the city of Beaumont, Jefferson county, Tex. Appellant answered by general demurrer, general denial, and by special pleas unnecessary here to state.

The case was tried with a jury and was submitted upon special issues, and the jury found, among other things, that appellant had breached the contract by which he agreed to sell the property to appellee, as alleged by appellee, and upon the jury's verdict judgment was entered in favor of appellee for $892.

Appellant, after his motion for new trial was overruled, duly prosecuted an appeal to this court, and one of his assignments is that the trial judge submitted to the jury a wrong measure of damages in the event the jury should find that the contract of sale was breached.

The trial court instructed the jury, in substance, that, in the event they should find that appellant breached the contract, as alleged by appellee, then appellee's measure of damages would be the difference between the contract price of the property and its market value at the date of the trial. This instruction was duly objected to by counsel for appellant, but the objection was overruled by the trial court, and that action is duly assigned for reversal of the judgment.

Upon oral argument in this court counsel for appellee frankly admitted that the measure of damages submitted by the trial court, as above shown, was not the proper measure of damages in a case of this character, and that reversible error was committed by the trial court in that regard. In view of this admission, it is unnecessary to further discuss any of the questions presented, and the judgment must be reversed and the cause remanded for a new trial.

If upon another trial it is found that appellant breached the contract of sale, as alleged by appellee, appellee's measure of damages would be the difference between the contract price of the property and its market value at the date of the breach of the contract. This proposition is elementary, and no citation of authority is necessary.

Reversed and remanded.