## BROUN v. SHANNON.   (No. 1763.)

Court of Civil Appeals of Texas.   Beaumont.
Dec. 4, 1928.

Rehearing Denied Dec. 12, 1928.

See, also, 290 S. W. 802.

C. E. Pool, of Beaumont, for appellant.
A. L. Shaw, of Beaumont, for appellee.

WALKER, J. Appellee instituted this suit against appellant, alleging that appellant had agreed to sell him lot 15, block 41, Arlington addition to the city of Beaumont, upon a consideration of $300 cash and vendor's lien note for $1,300, and that he had wrongfully breached the contract. His prayer was for specific performance, or, in the alternative, for damages in the sum of $2,625. Upon the verdict of the jury, in answer to special issues, it was found that appellant made the contract as pleaded by appellee; that he wrongfully breached the contract; and that appellee suffered damages thereby in the sum of $480, for which sum he was awarded judgment.

Appellant attacks this judgment as being without support. We have carefully read the entire statement of facts. Appellee, by his testimony, fully supported the allegations of his petition as to the making of the contract, his willingness and ability to perform it, and its wrongful breach by appellant. While this testimony was strongly rebutted by appellant, the issue was for the jury, and we cannot disturb it. The amount of damages as found by the jury also has abundant support. The jury was instructed that appellee's measure of damages was the difference between the contract price of the property and its market value at the time of the breach. Appellant's testimony was to the effect that the market value was only $1,600. Appellee testified that appellant told him at the time he was buying the property that it was of the market value of $2,800; but as the property had been previously sold by appellant to appellee's sister, who had paid about $1,400 on the property, and as appellee was buying it back for his sister, appellant agreed to sell it for $1,600. Appellee offered additional testimony showing the reasonable cost of building such a house as was situated on this property and the cost of necessary repairs to make the house practically as good as new. On the testimony before it, the jury's verdict fixing the market value of the property on the day of the breach at $2,120 has support.

Appellee testified to a tender of payment by him of certain money to appellant in performance, as he said, of the terms of the contract as made. Appellant objected to this testimony on the ground that the tender was made after the time of performance had expired. The objection has no support in the record. At the time appellee tendered this money, the contract between appellant and appellee had not been breached. Appellant also objected to appellee testifying as to the reasons why appellant was selling him the property for $1,600. This testimony was admissible on the issue of market value, if nothing else, and was offered in connection with, and as a part of, that issue. Appellant also excepted to certain other testimony on the theory that it was on a compromise issue between appellant and appellee. The objection has no support in the record.

What we have said disposes of all of appellant's propositions, and, no error being reflected, the judgment of the trial court is in all things affirmed.