**BARBER v. CAMPBELL.**

No. 2854.

Court of Civil Appeals of Texas.
Eastland.
March 23, 1951.

236

LONG, Justice.

This suit was instituted by D. J. Barber against Francis K. Campbell to recover for a breach of contract in writing wherein Barber agreed to sell and Campbell agreed to buy certain mineral interests under 480 acres of land in Mitchell County. Campbell filed a plea of privilege to be sued in Tarrant County, the county of his residence. Barber controverted said plea and sought to hold venue in Mitchell County under Subdivision 5, Art. 1995, Vernon's Annotated Civil Statutes. Upon a hearing, the trial court sustained the plea of privilege and ordered the case transferred to Tarrant County. From this judgment, Barber has appealed.

The contract upon which this suit is based is in the form of a letter, which is as follows:

"Pacific Oil Corporation
Rice Station, Box 6544
Houston 5, Texas

Colorado City, Texas
July 4, 1949.

"Mr. D. J. Barber
Westbrook, Texas

"Dear Mr. Barber:

"This will confirm our agreement, wherein I agree to buy and you agree to sell and deliver to me one-eighth of the minerals under your 480 acres of land in Mitchell County, Texas, described as the North-Half and the South-East quarter of section 16, Block 28, Township 1 South, for which I agree to pay you the sum of $30,-000.00 cash upon approval of title and delivery of valid deed.

"It is agreed and understood that you are to furnish me with complete abstract of title certified down to date, within five days from this date covering the above land and I am to have five days after receipt of such abstracts within which to examine title to said land and in event the title is satisfactory I am to pay you the said $30,-000.00 within the said five days, upon delivery of said valid deed.

"As soon as you have the abstracts certified to date and have the deed executed (within said five days) you are to send the deed and abstracts to the Continental National

Barber & Barber, Colorado City, for appellant.

Ratliff & Worrell, Colorado City, Charles L. Morgan, Fort Worth, for appellee.

Bank of Ft. Worth, Texas, together with your draft on me for the said $30,000.00 with instructions to the Continental National Bank to deliver the said deed to me upon payment of the said $30,000.00 and to return the abstracts to you. ACCEPT-ED July 4th, 1949.

> Yours truly,
> /s/ Francis K. Campbell
> ———————————
> Francis K. Campbell."

At the time of the execution of the above contract, Barber drew a draft on Campbell through the Continental National Bank of Fort Worth, Texas. Said draft is as follows:

"The City National Bank    88–463
of    ————
Colorado City    1113
Colorado City, Texas, July 5, 1949.

"5 days from receipt of abstract; Abstract being mailed under Separate cover Mineral Deed D. J. Barber & Wife attached. Allow deduction for revenue stamps.

Pay To The Order Of The City National Bank, Colorado City, Texas $30,000.00 Thirty-Thousand & No/100 ———— Dollars

Value Received and Charge to Account of (No–Pro)
(88–463)

> /s/ D. J. Barber
> ———————————

To Francis K. Campbell,
Continental National Bank
Fort Worth, Texas

The Continental National Bank of Fort Worth, Texas.

Collection File No. 102680. Fort Worth, Texas (Endorsement:) Pay to the Order of Any Bank, Banker or Trust Co. Endorsement Erased. 88–463–City National Colorad–"

It is the contention of appellants that under the contract appellee agreed to deliver the sum of $30,000.00 in cash to appellant at the City National Bank in Colorado City, Texas. In other words, it is his contention that the contract was performable in Mitchell County. Section 5 of Article 1995, Vernon's Annotated Civil Statutes provides: "If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

■ The letter and draft constitute the written contract between the parties. Seley et al. v. Williams, 20 Tex.Civ.App. 405, 50 S.W. 399. In determining venue under Exception 5, we must look alone to the written contract. Laughlin v. Nordyke, Tex.Civ.App., 215 S.W.2d 424.

■ It is true the payee in the draft is the City National Bank of Colorado City, but as we construe the writing, appellee nowhere agreed to pay for said minerals in Mitchell County. We do not construe the language of the contract to mean, as contended by appellant, that appellee agreed to deliver the cash consideration to appellant at Colorado City, which is in Mitchell County. In order for appellant to sustain venue in Mitchell County under Exception 5, it was incumbent upon him to establish that appellee agreed to perform the obligation sued upon in that county. Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675.

■ It will be noted that the contract provided that appellant was to send the deed and abstracts to the Continental National Bank at Fort Worth, Texas, together with his draft on appellee for $30,-000.00 with instructions to the Continental National Bank to deliver the deed to appellee upon payment of the $30,000.00. This, we believe, conclusively establishes that the contract was performable not in Mitchell County, but in Tarrant County. When the contract is properly construed we believe that appellee agreed to pay the cash consideration to the Continental National Bank in Fort Worth at the time of the delivery by such bank to him of the deed conveying the mineral interest. We believe the trial court was correct in sustaining the plea of privilege and ordering the cause transferred to the District Court of Tarrant County.

The judgment is affirmed.