## NUTT v. COTTINGHAM

### No. 2890.

Court of Civil Appeals of Texas. Eastland.
Sept. 28, 1951.

 

Storey, Sanders, Sherrill & Armstrong, Dallas, for appellant.

Brookreson & Brookreson, Seymour, for appellee.

LONG, Justice.

Kathryn Deppe Fancher Cottingham, Independent Executrix of the Estate of M. L. Cottingham, deceased, instituted this suit against Joe L. Nutt to recover $8,000.00 alleged to be due the estate for money loaned by M. L. Cottingham to Joe L. Nutt. Nutt filed a plea of privilege to be sued in Dallas County, the county of his residence. The executrix controverted said plea and sought to hold venue in Baylor County under Section 5, Art. 1995, Vernon's Annotated Revised Civil Statutes. Upon a hearing, the trial court overruled the plea of privilege. Nutt has appealed.

Appellee bases her right to maintain venue in Baylor County upon two letters from appellant to M. L. Cottingham, deceased, one dated May 9, 1949, which reads, in part, as follows: "Uncle, I am enclosing a check to you, it isn't much, but I want you to know that I am worried a lot about not sending some sooner, Will make every effort to send some more in the next thirty days. We are going to run a close out on our books next week and see how we stand. Hope that it will be so that I can send some then."

Appellee also plead and proved another letter from appellant to Mr. Cottingham dated August 15, 1950, as follows:

"Mr. M. L. Cottingham
Seymour, Texas

"Dear Uncle Lon:

"We both understand that I owe you money which you were very good to let me have in the amount of Eight Thousand Dollars, & you are entitled to have some record of this money and that I agree to repay you.
"As you know, since Fred's death my financial prospects have not been too definite, but this letter is to evidence to you that I owe you Eight Thousand Dollars, which I hope to pay you, in short order, but since I cannot be positive and do not want to fall down on any promise that I make, I

would like for it to be understood that I agree to pay the above sum of money on or before Eight years after date.

"Uncle Lon, things have been so torn up that we have hardly known which way to turn. I have had so many bitter disappointments in people myself in the past five years that the last thing in the world that I want is for you to ever be disappointed in me.

"For the first time in a long time we feel like our affairs are looking up to a point that we can make some definite plans to where we are headed.

"If you are going to be at home in the next few weeks I would like to come out to see you. If not, let me know when you will be down this way as I am out of town quite a bit and want to be sure and see you.

"Give my best regards to Jimmie.

"Love,<br>/s/ Joe Nutt."

It is undisputed that appellant was, at all times material, a resident of Dallas County and that M. L. Cottingham, deceased, at the time of his death and for many years prior thereto, was a resident of Seymour in Baylor County, Texas. Section 5 of Art. 1995, Vernon's Annotated Revised Civil Statutes, provides: "If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

■ In order for appellee to sustain venue in Baylor County, the letters relied upon must have expressly named that county or some definite place therein where appellant was obligated to perform. Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675.

■ There is nothing in said letters as to where the payment of the indebtedness was to be made. In the letters appellant did not obligate himself to make payment in Baylor County or any definite place therein. Appellee contends that the fact the letters were addressed to M. L. Cot-

tingham at Seymour, Texas, is sufficient to establish that appellant agreed to make payment of the indebtedness in Baylor County. We cannot agree with this contention. We, of course, judicially know that Seymour is the county seat of Baylor County. This, however, is not sufficient to hold venue in that county under the exception. Under Exception 5, the contract must expressly name the county or a definite place therein where the obligation is to be performed before venue can be sustained in a county other than the county of defendant's residence. The language of Subdivision 5 is so plain as to admit of no construction that would fix venue by implication. We believe the following authorities require our holding: Saigh v. Monteith, Chief Justice, 147 Tex. 341, 215 S.W.2d 610; Barber v. Campbell, Tex.Civ.App., 238 S. W.2d 235; Laughlin v. Nordyke, Tex.Civ. App., 215 S.W.2d 424; Sharp v. Frizzell, Tex.Civ.App., 153 S.W.2d 543; Scull v. Jackson, Tex.Civ.App., 131 S.W.2d 280.

The judgment of the trial court is reversed and the cause remanded to the trial court with instructions to transfer the case to a District Court of Dallas County.