**BUTLER, WILLIAMS & JONES, Appellants,**

v.

**R. H. GOODRICH, Appellee.**

No. 12954.

Court of Civil Appeals of Texas.

Galveston.

March 22, 1956.

Rehearing Denied April 12, 1956.

GANNON, Justice.

Defendants, Butler, Williams & Jones, composing a partnership, appeal from an order of the trial court overruling their plea of privilege to be sued in Brazos County where they are domiciled. Plaintiff Goodrich instituted suit against them in Waller County to recover damages for breach of a written contract to do certain repair work on his residence which is located in Waller County.

The sole point involved is whether under the facts venue was properly laid in Waller County, under Subdiv. 5 of Art. 1995, Vernon's Ann.Tex.Civ.St., as amended by the Acts of the 44th Legislature in 1935. Subdivision 5 reads:

"5. Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile. As amended Acts 1935, 44th Leg., p. 503, ch. 213, § 1."

The precise question upon which we are called to rule is whether the obligation of the contract in question is such an obligation as is contemplated by Subdivision 5. The contract obligates defendants to make repairs on plaintiff's residence but does not show on its face that plaintiff's residence is located in Waller County. However, that fact appears from the undisputed proof.

We think the appeal is ruled by Harrison v. Nueces Royalty Co., Tex.Civ. App.1942, 163 S.W.2d 244, decided on the authority of Cities Service Oil Co. v. Brown, 1930, 119 Tex. 242, 27 S.W.2d 115. The holding in the Harrison case is that where the obligation of a contract is performable at a place certain but the contract does not show on its face the location in a particular county of such place, it is permissible, in order to bring the contract within the terms of Subdiv. 5, to prove by evidence

John M. Barron, Bryan, for appellants.

McClain & Harrell, Conroe, for appellee.

extrinsic to the writing that the situs of such place is in a particular county.

The letter agreement involved is as follows:

"December 17, 1951

"Mr. R. H. Goodrich
Gulf Building
Houston, Texas

"Dear Mr. Goodrich:

"On Saturday, December 15th, we met with Mr. Garrison, an adjuster for the General Adjustment Bureau, who is handling the claim for *windstorm loss on your residence* below Navasota, Texas. A basis of settlement was worked out whereby we agreed to act as contractor and *make all necessary repairs caused by windstorm* occurring on the evening of December 4, 1951 for cost, plus a fixed fee of $3,000.00. For this fee we agree to include all of the following items.

"1. Cost of accounting and all general office overhead

"2. Transportation of personnel

"3. Supervision of work

"4. Furnishing of all contracting equipment

"5. Profit to our company

"It is understood that Workmen's Compensation Insurance and Social Security Insurance will be handled as a cost item and will be charged to the job. When all of the repair work has been completed as determined by the contractor, an itemized list of all labor and material will be submitted to you and to the General Adjustment Bureau at which time the money will be immediately due and payable. A complete and separate set of records will be kept for the benefit of you and the adjuster. All material invoices and time sheets will be subject to audit at any time and will be turned over to you or the adjuster along with our itemized statement for payment.

"It is understood that you are to make payment for this repair work from funds you will receive from the insurance companies who are liable for this loss.

"To: Mr. R. H. Goodrich, Page 2, December 17, 1951. We are happy to accept the responsibility of doing this repair work for you and fully understand that we are obligated to do the work in a workmanlike manner and to hold the cost of the work to a minimum.

"Will you please sign in the space below giving us your approval of the arrangement as outlined above and return the letter to us at your earliest convenience for our files.

"Sincerely yours,

Butler, Williams and Jones
/s/ Glynn A. Williams
Glynn A. Williams

"GAW:fs
cc: Wilson, Morris & Crane, Architects
General Adjustment Bureau

"Approved: /s/ R. H. Goodrich

"It is further understood that the amount to be paid Contractor's herein by Goodrich shall in no event exceed the total amount received by Goodrich from said insurance companies, who are liable for the loss on this job. And Goodrich will pay said contractor's the money received from said insurance companies when all of the repair work has been completed and approved by the contractors, Butler, Williams and Jones, and the architects, Wilson, Morris and Crain. Agreement contained in this letter shall be binding when signed by contractor's and owner.

"Butler, Williams and Jones
By: /s/ Glynn A. Williams
/s/ R. H. Goodrich
R. H. Goodrich".
(Emphasis added.)

█ Plaintiff's suit is for damages based upon defendants' failure to do the necessary repairs on plaintiff's residence in a workmanlike manner, as defendants agreed. The allegations of plaintiff's petition, which are adopted in the controverting affidavit, set up the negligent failure of defendants, in carrying out the contract, to follow the plans and specifications. However, the legal effect of this pleading is that defendants breached their contract. Also, in the

controverting affidavit, it is expressly alleged "that the defendants have breached the terms of their written contract." The petition and controverting affidavit allege no breach of any duty or obligation to plaintiff by defendants except that springing directly from the contractual relationship between them. The pleadings clearly show that the suit is an action ex contractu and not one ex delicto, as contended by appellants. Pecos & N. T. Ry. Co. v. Amarillo St. Ry. Co., Tex.Civ.App., 171 S.W. 1103; International Printing Pressmen, etc. v. Smith, 145 Tex. 399, 198 S.W.2d 729; Elder, Dempster & Co. v. St. Louis Southwestern Ry. Co. of Texas, 105 Tex. 628, 154 S.W. 975.

■ Defendants' contention that the written obligation, for breach of which plaintiff sues, is not expressly performable in Waller County, within the meaning of Subdiv. 5, is not thought by us to be well taken. It is apparent from the face of the contract that defendants' obligation under it was to do the repair work at the place of and on and to plaintiff's residence and it is undisputed that plaintiff's residence was in Waller County.

Harrison v. Nueces Royalty Co., supra [163 S.W.2d 245], involved a written obligation to pay "at the office of Nueces Royalty Company." The writing did not show the location in any particular county of "the office of Nueces Royalty Company" but the parties stipulated that the " 'principal and only office * * * of the Nueces Royalty Company * .* * was and is and has been at all times in Corpus Christi, Nueces County, Texas.' " The defendants in the Harrison case relied upon Port Iron & Supply Co. v. Casualty Underwriters, Tex.Civ.App., 118 S.W.2d 627. In ruling on their contention, the court said:

"Appellants seem to construe said decision as holding that not only must a definite place of performance be designated by the writing, but that, in addition, the location of such place within a particular county must be so established.

"This view must be rejected. If the written instrument alone may be looked to for the purpose of locating the definite place within a particular county, then it is apparent that the words 'or a definite place therein' [in Subdiv. 5, Art. 1995, as amended] have no meaning whatsoever, and constitute mere surplusage. Texas Bank & Trust Co. v. Austin, 115 Tex. 201, 280 S.W. 161; 39 Tex.Jur. 208, § 112."

The court further said:

"The allegations of a controverting affidavit that a definite place named in the written instrument sued upon is located within a particular county is pertinent upon the issue of venue although the truth of such allegation is not established by the writing itself. The allegation being material, it follows that evidence not otherwise incompetent is admissible to establish the same. * * *"

In Cities Service Co. v. Brown, supra, the cause of action was based on a writing obligating defendant to pay at the principal office of Cities Service Oil Company, which was not shown by the contract but was shown by parol evidence to be located at Fort Worth in Tarrant County. The writing there involved was held to come within the terms of Subdiv. 5 as it existed prior to its amendment in 1935, and we agree with the San Antonio court, as held by it in the Harrison case, that the force of the ruling in Cities Service Oil Co. v. Brown has not been impaired by the amendment.

In the view we take of the case, it is unnecessary to determine whether, as contended by plaintiff, a certain letter dated ten days earlier than the contract involved, written by defendants to General Adjustment Bureau, Inc., which definitely sets out the location in Waller County of plaintiff's residence, is a part of the contract. However, we are inclined to think it is not, but only evidence of a prior negotiation with other parties.

The following authorities Rogers v. Waters, Tex.Civ.App.1953, 262 S.W.2d 521;

Rorschach v. Pitts, 1952, 151 Tex. 215, 248 S.W.2d 120; Saigh v. Monteith, 1948, 147 Tex. 341, 215 S.W.2d 610; Seale v. Langston, Tex.Civ.App.1953, 259 S.W.2d 639, which are relied upon by appellants, have been carefully examined by us, but we do not consider any in point.

The Rogers case involved an obligation for the payment of money which did not provide for any place of payment. The court held it was not permissible by implication to fix such place of payment in relation to the obligation of the other parties to the writing to · perform in a definite county.

The Rorschach case [151 Tex. 215, 248 S.W.2d 123], was also a suit for breach of a contract to pay, which did not name any definite place of payment. We note, however, that the case contains the following language: " * * * it has already been judicially determined from the caption and history of the amendment that its purpose was merely to restrict the scope of the venue exception in question to cases in which the county of performance of the obligation in suit *or a specific place therein* should be expressly named in the contract." (Emphasis added.)

Saigh v. Monteith [147 Tex. 341, 215 S.W.2d 611] merely holds that the fact of a contract requiring payment to "Second National Bank of Houston", being only the name of the payee, did not fix the place of payment and therefore did not fix venue. An additional obligation involved in that case was for the delivery of certain equipment "to second party's warehouse." The location of the warehouse was not stated in the contract and there is no reference in the opinion to any extrinsic proof of its location, from which we assume that none was in the record. This being true, the case does not appear to be in point.

Seale v. Langston was a suit to recover damages resulting from the drilling of an oil well, which damages defendant had agreed in writing to pay but without naming any place of payment. Plaintiff's contention that since the well was to be drilled in Hardin County, the obligation in the contract to pay damages was by necessary implication performable in that county, was rejected by the Court. The case is not analogous.

Affirmed.