A. A. SHELTON et ux., Appellants,

v.

Curtis POYNOR, Appellee.

No. 5347.

Court of Civil Appeals of Texas.
El Paso.

July 15, 1959.

Rehearing Denied Aug. 3, 1959.

584

Montague & Thurmond, Del Rio, for appellants.

Maurice R. Bullock, James R. Kerr, Fort Stockton, for appellee.

ABBOTT, Justice.

This is an appeal from an order of the 112th District Court of Pecos County, Texas, overruling the plea of privilege of A. A. Shelton and wife, Lillie Shelton, defendants below. The suit was instituted by Curtis Poynor, as plaintiff, against A. A. Shelton and wife, Lillie Shelton, residents of Terrell County, Texas, and A. J. Shelton and wife, Edmina Shelton, resi-

dents of Tulare County, California, as defendants, for damages alleged to have been sustained by plaintiff by reason of an alleged breach of a written contract for the sale of ranch lands. Defendants A. J. Shelton and wife were served with proper process, but did not enter an appearance in the case. A. A. Shelton and wife filed their plea of privilege to be sued in Terrell County, Texas, as the county of their residence, and plaintiff filed his controverting affidavit thereto. Upon hearing the trial court entered its order overruling defendants' plea of privilege, and they have perfected their appeal to this court.

Briefly, the facts are: On July 26, 1957, Curtis Poynor, appellee, entered into a written contract with A. A. Shelton, Lillie B. Shelton, Alfred J. Shelton and Edmina Shelton, to purchase the Shelton ranch, consisting of 26,940 acres of land, more or less, said land lying in Pecos, Terrell and Brewster counties, Texas, for a consideration of $10 per acre. The terms of the purchase payments were fully set out in the contract. Upon acceptance of merchantable title, or waiver of any defects thereto, appellants were to deliver to appellee, in Pecos County, Texas, a warranty deed to said property. Appellee notified appellants by letter, on October 16, 1957, that he was ready to accept title, and demanded consummation of the contract. Again, on November 13, 1957, demand was made by appellee, and appellants refused, both orally and in writing, to deliver the required warranty deed. On April 9, 1958, appellee filed suit against appellants for damages in the amount of $4 per acre, or $107,956, this amount alleged to be the difference in market value of the land from the time of the contract until the time of the alleged breach of contract.

After the denial of the plea of privilege, appellants bring to this court two points of error:

"First Point

"The Court erred in failing to sustain the plea of privilege filed by the

defendants, A. A. Shelton and wife, Lillie Shelton.

"Second Point

"The Court erred in sustaining the controverting affidavit of plaintiff, Curtis Poynor, to the plea of privilege of the defendants A. A. Shelton and wife, Lillie Shelton."

Article 1995, section 5, Vernon's Annotated Civil Statutes, provides:

"Contract in writing. If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

■ Our venue statutes provide that a defendant is entitled, as a valuable right, to be sued in the county of his residence unless he can be qualified under one or more of the exceptions contained in Article 1995, V.A.C.S. Subdivision 5 of this article deals with written contracts which ordinarily are determined by the principal right asserted in the petition and the nature of the relief sought, and the character of the suit will be determined from the petition. Traweek v. Ake, Tex.Civ.App., 280 S.W.2d 297; Allison v. Yarborough, Tex. Civ.App., 228 S.W.2d 930.

With regard to subsection 5, article 1995, V.A.C.S., it has been long held that the writing sued on must expressly name the county where performance is required. Nutt v. Cottingham, Tex.Civ.App., 242 S. W.2d 826. It has been held that the essential obligation for venue purposes under article 1995, subdivision 5, involving a written contract, is that of payment, and where no place of payment is specified in the contract, no exception to the general rule of domicile is involved. Rorschach v. Pitts, 151 Tex. 215, 248 S.W.2d 120.

In reading the written contract in the case at bar, we find:

1. Appellee was rquired to deposit $10,000 in the Pecos County State Bank at Fort Stockton, Pecos County, Texas, pending appellants' furnishing abstract of title and examination of same.

2. Upon acceptance of title by appellee, appellants were to deliver warranty deed in Pecos County, Texas.

3. At the time of closing said transaction, appellee was to deliver an additional sum of $10,000 to the bank in Pecos County, Texas, for appellants.

4. The notes on the unpaid balance of the purchase price were to be paid in Sanderson, Terrell County, Texas.

5. Subdivision of paragraph 5 of the contract states: "This contract shall be specifically enforceable by specific performance and venue thereof shall be located in Pecos County, Texas."

We believe that, with the above, the contract was to be consummated in Pecos County, and that partial payment ($10,000) in escrow had been made in Pecos County, and, also, that further payment of $10,000 was to be made in Pecos County upon performance by appellants. The payments to be made in Terrell County would become operative only after consummation of the contract of sale.

■ Appellants insist that the damages sued for are special damages and are not such as contemplated by Article 1995, V.A.C.S. With this we cannot agree. Upon breach of contract, the suit can be either for specific performance or for damages arising from said breach. 43-A Tex. Jur., Vendor & Purchaser, sec. 683, page 697; Broun v. Shannon, Tex.Civ.App., 290 S.W. 802, and 11 S.W.2d 540.

■ Because of the requirements of the contract—that is, delivery of the warranty deed and the payment of $20,000 at the time of such delivery, both in Pecos County, Texas—we believe that subdivision 5, ar-

586

ticle 1995, V.A.C.S., has been complied with.

Believing this, we overrule appellants' points of error and affirm the judgment of the trial court.

LANGDON, C. J., not sitting.