### Phil BLANCO, Appellant,

v.

### Lloyd J. ROWELL and R. F. Scott, Appellees.

### No. 10853.

Court of Civil Appeals of Texas.

Austin.

May 31, 1961.

Robert Mueller, E. Richard Criss, Jr., Austin, for appellant.

John G. Cramer, Houston, for appellees.

HUGHES, Justice.

This is a venue case in which the Trial Court sustained the plea of Lloyd Jay Rowell and R. F. Scott, doing business under the name of Rowell-Scott Marine Supply Company, to be sued in the county of their residence, Harris County.

Appellant, Phil Blanco, sued appellees for breach of the following written contract:

"I, Phil Blanco, do herewith contract to sell to Rowell-Scott Marine Supplies of Houston, Texas, as represented by Mr. R. F. Scott, do sell and convey six 6 Honey Creation Boat hulls, seven (7) Clinton Motors, (3) three Lawson motors, 4 sport seats, 5 fisherman seats, two life preservers, 4 windshield, and all parts, literature,

name of Beeline Boats of Austin, complete and having to do with the operation of said business in consideration (1500.00) fifteen hundred dollars to be paid $500.00 in hand (check) with the balance due in the amount of $1000.00 payable on or before July 5, 1960, providing and agreed that Mr. R. F. Scott shall have free and clear to carry with him this date two (2) Honey Creation Boat hulls and 2 Clinton Motors the balance of such items to be retained in my care and custody until full and complete payment is made within the time stated and if payment is not made within such time this contract is void unless extended in writing.

"Jointly agreed and contracted this 3rd day of June, 1960.

"s/ Phil Blanco
s/ R. F. Scott."

Upon the hearing it was developed that the above contract was negotiated and executed in Austin, Travis County. Immediately after the contract was signed one of appellees gave appellant a check for five hundred dollars drawn on a bank in Houston. Payment on this check was stopped by appellees and this suit was brought to recover the sum for which it was given, interest and attorneys' fees.

Appellant's sole contention is that venue of this suit was properly laid in Travis County under Subd. 5, of Art. 1995, Vernon's Ann.Civ.St. which reads:

"5. Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

■ From examination of the written contract, it cannot even be determined where the contract was executed. Certain-

ly it cannot be determined therefrom where its obligations were to be performed. These matters are, of course, properly provable by extrinsic evidence. Such evidence, however, does not meet the requirements of Subd. 5, supra, that the contract "expressly name" the particular county, or a definite place therein, in which a person has contracted to perform an obligation in order to fix venue in such county. Saigh v. Monteith, Chief Justice, 147 Tex. 341, 215 S.W.2d 610, Nutt v. Cottingham, Tex. Civ.App., Eastland, 242 S.W.2d 826, Black v. Bryant, Tex.Civ.App., Waco, 308 S.W.2d 231, writ dism.; Williams v. James, Tex. Civ.App., Fort Worth, 308 S.W.2d 528.

Appellant relies on Harrison v. Nueces Royalty County, Tex.Civ.App., San Antonio, 163 S.W.2d 244, writ dism.; Vinson v. Horton, Tex.Civ.App., Texarkana, 207 S.W.2d 432, Butler, Williams & Jones v. Goodrich, Tex.Civ.App., Galveston 288 S. W.2d 887, writ dism., and other authorities. Such other authorities are either venue cases arising before the present wording of Subd. 5, or they are cases relating to construction of contracts generally, or they state general principles only.

In Harrison it was held that suit on a note payable "at the office of Nueces Royalty Company" was maintainable in Nueces County upon proof that such office was located in that county.

In Vinson it was held that venue was properly laid in Hunt County under a letter (contract) dated "Greenville, Texas, Feb. 25th, 1947", confirming the purchase of yellow corn "delivered here."

In Butler the Court held that venue was proper in the County where parole evidence showed plaintiff's residence to be under a written contract by defendant to repair such residence.

We believe these cases to be clearly distinguishable from the facts here.

■ Even if we should construe the words of the contract "$500.00 in hand" as

requiring payment in person to appellant upon execution of the contract, appellant then being in Travis County, as shown by extraneous evidence, we could not, and do not, hold that such language could be construed as naming a "definite place" in Travis County.

The order appealed from is affirmed.

Affirmed.