R. E. COX, d/b/a Frio-La Salle Milling Company, Appellant,

v.

The HERRICK COMPANY STEEL PRODUCTS and H. C. Herrick, Jr., Appellees.

No. 13904.

Court of Civil Appeals of Texas.

San Antonio.

April 4, 1962.

Petry & Phair, Carrizo Springs, for appellant.

Stubbeman, McRae, Sealy & Laughlin, Robert K. Hudson, James G. Noland, Midland, for appellees.

MURRAY, Chief Justice.

This is an appeal from an order sustaining the plea of privilege of The Herrick Company Steel Products, a corporation, and H. C. Herrick, Jr., and moving the cause to the District Court of Midland County, Texas.

Appellant, R. E. Cox, d/b/a Frio-La Salle Milling Company, filed his controverting affidavit setting up Subdivisions 5, 23 and 29a of Art. 1995, Vernon's Ann.Civ.Stats. Appellant contends that Subd. 5, supra, applies here because appellees had contracted in writing to construct a steel building, suitable for grain storage, in the town of Dilley, Frio County, Texas, the county of suit. The alleged written contract consists of six different instruments. When these six instruments are construed collectively, or separately, we fail to find where appellees expressly contracted in writing to perform this contract in Dilley, Frio County, Texas.

Appellant's first contention is that the written contract expressly provided that the steel building, suitable for grain storage, was to be constructed in Dilley, Frio County, Texas.

The six instruments of the contract are: (1) The Herrick Company's proposal to construct the grain storage building; (2) Details of financing the building; (3) Specifications and building layout; (4) Foundation plans and specifications; (5) Proposed addition of two intermediate bays to the building; (6) A recapitulation of details of financing after including expense of the two additions. The fourth instrument, which is the foundation specification, has endorsed upon it, in the lower right-hand corner:

"The HERRICK Company
ENGINEERS—CONSTRUCTORS
MIDLAND, TEXAS

GRAIN STORAGE

DILLEY                    TEXAS"

Instrument No. 1, which is called a proposal to construct a grain storage building, has written on the top of the page "Job Site by 5/16/58" and then to the right, "Best way

to Missouri Pacific at Dilley." On the left-hand side, at the top is "4/16/58 The Herrick Co., 605 South H. St., Midland, Texas ATTENTION Mr. R. E. Cox, Dilley, Texas."

The above is all there is in the six instruments that could possibly be construed as an agreement in writing to perform the contract at Dilley, Texas. We feel that the most these references do, is to raise an inference that the grain storage building was to be constructed in or near Dilley, Texas.

Subdivision 5, Art. 1995, Vernon's Ann. Civ.Stats., was amended in 1935, and now reads as follows:

"Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile. As amended Acts 1935, 44th Leg., p. 503, ch. 213, § 1."

Prior to the 1935 amendment the courts had been holding that this subdivision included contracts that by necessary implication were to be performed in the county of suit, but since the 1935 amendment the subdivision includes only such contracts that expressly provide they are to be performed in a certain county or a definite place therein.

■ We cannot here say that the contract expressly provided that it was to be performed in Dilley, Texas, a definite place in Frio County. The notation "GRAIN STORAGE DILLEY TEXAS" is nothing more than a part of the endorsement on the fourth instrument.

■ The notation "Job Site by 5/16/58" on the first instrument, would seem to indicate that the job site would be ready by May 16, 1958, some thirty days after

the signing of the first instrument. This possibility is strengthened by the testimony of Cox, that the job site had grown up in weeds and he had agreed to get busy and clear it off. It certainly is a long way from saying that the building is to be constructed upon a certain job site located in Dilley. The other phrase, "Best way to Missouri Pacific at Dilley," means, if anything, that the best way to ship anything to Dilley is over the Missouri Pacific. These phrases are a long way from a statement that the Herrick Company has agreed in writing to construct the building on a definite job site in Dilley. The fact that the building was later constructed in Dilley, Frio County, does not establish the fact that the written contract expressly provided that it was to be built there. Blanco v. Rowell, Tex.Civ.App., 347 S.W.2d 641; Harris v. Ashland Oil & Ref. Co., Tex.Civ. App., 315 S.W.2d 327; Butler, Williams & Jones v. Goodrich, Tex.Civ.App., 288 S.W. 2d 887; Traweek v. Ake, Tex.Civ.App., 280 S.W.2d 297; Martin v. McKenzie, Tex. Civ.App., 242 S.W.2d 960; Nutt v. Cottingham, Tex.Civ.App., 242 S.W.2d 826.

■ The place of performance can be established by extrinsic evidence where a contract does not disclose that fact, but such evidence would not meet the requirement of Subd. 5, permitting the suit to be brought in the county expressly named in the written contract as the place of performance. Blanco v. Rowell, supra.

Appellant relies strongly upon Butler, Williams & Jones v. Goodrich, supra. It seems that this case is based upon Harrison v. Nueces Royalty Co., Tex.Civ.App., 163 S.W.2d 244, which in turn is based upon Cities Service Oil Co. v. Brown, 119 Tex. 242, 27 S.W.2d 115. We will discuss the cases in reverse order. Cities Service Oil Co. v. Brown was written in 1930, long before the amendment to Subd. 5 in 1935, and is therefore not helpful here. It goes no further than to hold that where the invoice, signed by the buyer of merchandise contains the recital: "Received above

merchandise in good order, for which I, or we, promise to pay the above amount *at the principal office of the company,*" it is a contract in writing within the meaning of the then venue statute, even though it requires parol proof to identify the place of payment. We agree fully with this statement of the law.

· In Harrison v. Nueces Royalty Company the promissory note sued upon provided that it was "payable at the office of Nueces Royalty Company." It was stipulated that the "principal and only office at that time (when the note was executed) and prior to that time and ever since that time of the Nueces Royalty Company * * * was and is and has been at all times in Corpus Christi, Nueces County, Texas." The Court held that the location of the office of the Nueces Royalty Company could be established by the stipulation, and that thus the contract in writing named the definite place for payment of the note in Nueces County, Texas. We find nothing to disagree with in this case. It undoubtedly states the law as it exists today. The case of Butler, Williams & Jones v. Goodrich, supra, simply follows the case of Harrison v. Nueces Royalty Co.

In the case at bar there is no provision as to where the building is to be constructed, and the mere appearance of the words, "Job Site by 5/16/58," "Best way to Missouri Pacific at Dilley," "Grain Storage Dilley Texas," is a long way from a provision that the building is to be constructed in the town of Dilley, or even anywhere near Dilley. The written contract here does not meet the requirements of Subd. 5, Art. 1995, Vernon's Ann.Civ.Stats.

Appellant next contends that he was entitled to maintain this suit in Frio County under Subd. 23 and Subd. 29a, Art. 1995, Vernon's Ann.Civ.Stats. Appellant totally failed to bring himself within the provisions of these subdivisions, and in fact practically so admitted in his oral argument. These contentions are without merit and are overruled.

The judgment is affirmed.