**GULF COAST ALUMINUM SUPPLY, INC.,**
Appellant,

v.

**Maudie DUKE, Appellee.**

**No. 118.**

Court of Civil Appeals of Texas.

Tyler.

April 15, 1965.

Albert Levy, Mullinax, Wells, Morris & Mauzy, Dallas, for appellant.

Jack B. Strong, Longview, for appellee.

SELLERS, Justice.

This is an appeal from an order overruling the plea of privilege filed by the appellant to be sued in Dallas County, Texas.

The appellee controverted the plea by alleging venue under Subsections 5 and 7 of Article 1995.

The appellee's suit is to recover damages for a breach of a written contract to install in a workmanlike manner aluminum siding on appellee's house located at 1608 Timpson, Longview, Texas. The contract form furnished by appellant and duly executed by both parties so far as material, provides:

### "GULF COAST ALUMINUM SUPPLY, INC.

2010 North Industrial Blvd.—RI 2-7372
Dallas 7, Texas

Quality . Service . Dependability

### "SALES CONTRACT

Date Dec.___ , 1961

"Purchaser's Name___ Maudie Duke

"Purchaser's Address___ 1608 Timpson          Longview, Texas

"Description of Improvements and Material to be Used:

"1. Prepare home for covering of New Crown Aluminum.

"2. Check all weather boards, replacement where necessary.

"3. Install Bennie Blue Double Flair Crown on exterior of building.

"4. All work to be done in a workmanlike manner.

No down payment—Payments to start 45 60 days after completion of work.

"The Seller hereby agrees to and does sell and agrees to fabricate, manufacture and install in a workmanlike manner according to standard practices for _____, herein referred to as Purchaser or as Maker, who hereby agrees to and does purchase the above described improvements and materials which are within a reasonable time to be installed on the premises situate in _____ County, _____, owned by the Purchaser and described as: _____

"Payment of said time balance shall be made in  60  equal successive monthly installments of $ 39.54  each, commencing on the _____ day of _____, 19___, and continuing on the same day of each month thereafter until paid, except the final installment which shall be the balance due, and said obligation may be evidenced by a promissory note executed by the Purchaser which the Purchaser shall execute promptly upon request of the Seller (and when executed, such note and the obligation therein contained, shall become the sole obligation to pay in connection with this contract, supplanting the obligation herein set forth) and which note may contain all or any of the following provisions which are hereby agreed to by the Purchaser: * * *".

| | |
|---|---|
| Total Cash Price .............. | $1680.00 |
| Less Down Payment_____$ (Describe) | –0– |
| Difference .................... | $1680.00 |
| Add Official Fees _____$_____ (Describe) | |
| Add Insurance _____$_____ (Describe) | |
| Principal Balance ............$_____ | |
| Add Time Price Differential ...$_____ | |
| Time Balance ................ | $2372.40 |

It is admitted that the aluminum was actually installed on the house of appellee at 1608 Timpson, Longview, Texas. Subsection 5 of Article 1995 provides:

Subsection 5. "Contract in writing.— If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, *or a definite place therein*, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile." (Emphasis added.)

Appellant's assignment of error is that the contract wholly fails to allege the county where the work is to be performed and for this reason Subsection 5 has no application.

■ The facts are undisputed that 1608 Timpson, Longview, Texas, is the house and home of appellee and this court will take judicial notice that Longview is the county seat of Gregg County, Texas. North Texas Tank Company v. Pittman, Tex.Civ.App., 290 S.W.2d 724; Houston Heating & Air Conditioning, Inc. v. Semands, Tex.Civ.App., 318 S.W.2d 777.

■ Since the contract provides that the repairs are to be made on appellee's house and that 1608 Timpson in Longview is in Gregg County and the home of appellee by the undisputed proof, Subsection 5 has been complied with and appellant's contention is overruled. A case very similar on the facts is that of Butler, Williams & Jones v. Goodrich, Tex.Civ.App., 288 S.W. 2d 887, where the written contract which referred to the place as "your residence below Navasota," was sufficient to maintain venue in Waller County when the undisputed evidence placed such residence in Waller County.

■ In view of the foregoing, we likewise sustain the trial court's finding that fraud was committed in Gregg County and

venue is sustained under Subsection 7 of Article 1995.

The judgment of the trial court is affirmed.