**Steve C. TWARDOWSKI et ux., Appellants,**

v.

**UNITED STATES FINANCE COMPANY, Inc., Appellee.**

**No. 4007.**

Court of Civil Appeals of Texas.

Eastland.

Nov. 12, 1965.

Bell, Gwin & Furse, Bay City, Daniel E. Hayes, Bay City, for appellants.

Bean & Manning, Houston, Jack B. Manning, Houston, for appellee.

WALTER, Justice.

United States Finance Company filed suit in Harris County against Steve C. Twardowski and wife on a promissory note, the important provisions are as follows:

"FOR VALUE RECEIVED, the Undersigned, (who, if two or more in number, shall be jointly and severally bound) promise(s) to pay to the order of Beautyguard Alum. Mfg. Co. Div: J. H. Penny Co., Inc. 4202 Richmond Ave. Houston, Tex. the sum of Three Thousand Four Hundred and Fifty Dollars & Sixty Cents 3,450.60 DOLLARS,—

Whenever the payment of any installment hereunder is more than ten (10) days in arrears, the Undersigned (jointly and severally) also promise(s) to pay to the holder hereof, at the place indicated above, on or before the next successive payment date, an amount computed at the rate of FIVE CENTS for each dollar of the installment so in arrears, as a late charge, and the Undersigned agree(s) that any and all of such payments for late charges shall be the liquidated damages for any such arrears in payment, but such payments for late charges shall not exceed, in respect to any such late payment, the sum of FIVE ($5.00) DOLLARS."

Defendants filed pleas of privilege to be sued in Matagorda County, the county of their residence. Plaintiff filed a controverting plea and alleged that Twardowskis signed a note expressly naming 4202 Richmond Avenue, Houston, Texas, as the place of payment. It contended that an exception to exclusive venue in the county of one's residence existed by virtue of Subdivision 5 of Article 1995, Vernon's Ann. Civ.St. The court overruled defendants' pleas of privilege and they have appealed.

They contend the court erred in overruling their pleas of privilege because the note sued upon contains no agreement to pay at any certain place; that the penalty provisions which did require performance at a specific place was divisible or severable from the principal agreement of the note and cannot form the basis of venue under said subdivision 5, and because the penalty provision, whether severable or not, was not pleaded by appellee and therefore cannot be the basis of venue under said subdivision 5.

We find the rule of venue stated by our Supreme Court in Goodrich v. Superior Oil Company, 150 Tex. 159, 237 S.W.2d

969, 972, as follows: "The general rule of venue is, of course, that a defendant shall be sued in his own county, and however many and important are the exceptions contained in the statute, an equal doubt between the exception and the rule is to be resolved in favor of the rule. Stated differently, the application of the exception must clearly appear."

A careful study of appellee's petition reveals that it did not file suit on what the appellants refer to as the "penalty provision" and the appellee refers to as the "late payments" provision, nor ask for a judgment based thereon. The appellee does not contend that the address following the name of the payor designates a place of payment.

In Shelton v. Poynor, Tex.Civ.App., 326 S.W.2d 583 (Writ Dismissed), the Court said: " * * * Subdivision 5 of this article deals with written contracts which ordinarily are determined by the principal right asserted in the petition and the nature of the relief sought, and the character of the suit will be determined from the petition. Traweek v. Ake, Tex.Civ.App., 280 S.W.2d 297; Allison v. Yarborough, Tex.Civ.App., 228 S.W.2d 930."

Venue as to a cause of action on the principal and interest is established by the provisions of the note relative thereto. Having severed the "late payments" provision, by failing to file suit thereon, the appellee has waived the only provision that could possibly be construed as designating the place of payment.

We hold that the appellee did not discharge its burden of alleging and proving that there existed an exception to the right of a citizen to be sued in the county of his residence.

Therefore, the judgment is reversed and the case is ordered transferred to Matagorda County.