**Bill KORNELL, Appellant,**

v.

**J. E. MONTGOMERY, Appellee.**

No. 7858.

Court of Civil Appeals of Texas.

Texarkana.

Nov. 14, 1967.

Pat C. Beadle, Clarksville, for appellant.

Ewing Adams, Adams & Sheppard, Long-view, for appellee.

FANNING, Justice.

A venue case. Plaintiff-appellee brought suit in the District Court of Gregg County, Texas, against defendant-appellant, to recover liquidated damages for breach of a written contract of purchase and sale of real estate. Defendant-appellant filed ag[ plea of privilege to be sued in Red River County, Texas, the county of his residence. Plaintiff-appellee duly controverted the plea, relying upon Subsection 5 of Art. 1995, Tex.Rev.Civ.Stat.Ann., to maintain venue in Gregg County, Texas. The trial court, after hearing the evidence adduced, overruled the plea and defendant-appellant has appealed.

Appellant, as purchaser, and appellee, as seller, entered into a written contract for the purchase and sale of real estate located in Upshur County, Texas. Certain pertinent portions of the contract are quoted below as follows:

"1.

"The purchase price is One Hundred Twelve Thousand Five Hundred and No/100 Dollars ($112,500.00), payable as follows: *The total purchase price shall*

be payable in cash at the time of the closing of this contract of sale and purchase.

At the time of the execution of this contract purchaser is depositing his check, in the amount of $15,000.00, drawn upon the Red River National Bank in Clarksville, Texas, payable to the Sellers, *which check shall be held by the Escrow Agent herein designated until the time of the closing of this transaction, at which time it shall be cashed and applied to the purchase price; and the purchaser will, at said time of closing, pay the balance of the purchase price in cash.*

\*   \*   \*   \*   \*   \*

"5.

"Seller agrees, on or before June 1, 1966, to deliver such good and sufficient General Warranty Deed properly conveying said property to the purchaser, or his nominee, together with the title insurance policy; *and purchaser agrees that, on or before June 1, 1966, when said deed is presented to pay the balance of the purchase price;* but it is understood by the parties hereto that purchaser will be under no obligation to pay the balance of the purchase price before June 1, 1966.

\*   \*   \*   \*   \*   \*

"7.

"Should the purchaser fail to consummate this contract as specified for any reason, except title defects, or the failure of the seller to deliver the Deed of Conveyance and title insurance policy as hereinabove provided, *seller shall have the right to said cash deposit represented by the above mentioned check as agreed liquidated damages for the breach of this contract.*

"8.

"It is hereby agreed by the parties hereto that the East Texas Bank and Trust

Company of Longview, Texas, shall be the Escrow Agent for both parties to this agreement, *and that this transaction shall be closed at the office of said Escrow Agent at Longview, Texas, by June 1, 1966. * * *"* (Emphasis added).

We have examined plaintiff-appellee's pleadings and find that they are sufficient to aver a cause of action for breach of the contract in question by the defendant-appellant, and such pleadings adequately plead a cause of action for the recovery of the $15,000.00 liquidated damages specified in the contract.

Subsection 5 of Art. 1995 provides:

"Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, *or a definite place therein,* by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile." (Emphasis added)

■ In order to maintain venue under subsection 5 of Art. 1995, the plaintiff must prove: (1) an obligation in writing; (2) the execution by the defendant; and (3) that it is performable in the county of the suit. Hess v. Young, Tex.Civ.App., 160 S.W.2d 574, no writ (1942). Proof of the existence of the cause of action is not required. Petroleum Producers Co. v. Steffens, 139 Tex. 257, 162 S.W.2d 698 (1942).

We think the record clearly shows that the above three requirements were shown in this case. (1) There was an obligation in writing, which was the contract introduced in evidence; (2) the evidence is undisputed that it was executed by the defendant; (3) and, as hereinafter held, we think the contract as it is considered from its four corners provides for performance in Gregg County, Texas, within the meaning of Subsection 5 of Art. 1995.

■ The written contract as shown by other provisions quoted, specifically provides that the transaction shall be closed at the office of East Texas Bank & Trust Company of Longview, Texas, escrow agent *at Longview, Texas,* by June 1, 1966. The office of said named bank *"is a particular place"* within Longview, Texas. The oral testimony of appellee Montgomery definitely places the location of said bank in Gregg County, Texas. Furthermore, this court will take judicial notice that Longview, Texas, is the county seat of Gregg County, Texas. In this connection see Gulf Coast Aluminum Supply, Inc. v. Duke, Tex.Civ.App., 389 S.W.2d 480, no writ (1965) wherein it was stated in part as follows:

"The facts are undisputed that 1608 Timpson, Longview, Texas, is the house and home of appellee and this court will take judicial notice that Longview is the county seat of Gregg County, Texas. North Texas Tank Company v. Pittman, Tex.Civ.App., 290 S.W.2d 724; Houston Heating & Air Conditioning, Inc. v. Semands, Tex.Civ.App., 318 S.W.2d 777."

In Heid Bros. Inc. v. Smiley, Tex.Civ. App., 144 S.W.2d 952 no writ (1940), it was stated in part as follows:

"Appellant contends 'that the clause "payable upon delivery of bills of lading to the First National Bank of Paris, Texas," designates the time at which the defendant is to pay and the agent of plaintiff to collect the pay, but does not designate the place of payment.' We are unable to agree with that contention. As we interpret the contract, its plain and unambiguous terms bind the defendant to pay for the hay 'in Paris, Texas,' upon delivery of the bills of lading to the First National Bank of Paris. Paris is the county seat of Lamar County, by reason of which courts may take judicial knowledge of the fact that it is located in Lamar County. (citing authorities) Therefore venue was by the terms of

the contract fixed in Lamar County under Article 1995, Sec. 5. * * * "

In Shelton v. Poyner, Tex.Civ.App., 326 S.W.2d 583, wr. dism'd (1959), a purchaser sued the vendors for damages for breach of a written contract to convey land; the trial court overruled the vendors' plea of privilege, and sustained venue in the county of suit under Subsection 5 of Art. 1995, and the Court of Civil Appeals affirmed. We quote in part from said case as follows:

"In reading the written contract in the case at bar, we find:

1. Appellee was required to deposit $10,000 in the Pecos County State Bank at Fort Stockton, Pecos County, Texas, pending appellants' furnishing abstract of title and examination of same.

2. Upon acceptance of title by appellee, appellants were to deliver warranty deed in Pecos County, Texas.

3. At the time of closing said transaction, appellee was to deliver an additional sum of $10,000 to the bank in Pecos County, Texas, for appellants.

4. The notes on the unpaid balance of the purchase price were to be paid in Sanderson, Terrell County, Texas.

5. Subdivision of paragraph 5 of the contract states: 'This contract shall be specifically enforceable by specific performance and venue thereof shall be located in Pecos County, Texas.'

We believe that, with the above, the contract was to be consummated in Pecos County, and that partial payment ($10,000) in escrow had been made in Pecos County, and, also, that further payment of $10,000 was to be made in Pecos County upon performance by appellants. The payments to be made in Terrell County would become operative only after consummation of the contract of sale.

Appellants insist that the damages sued for are special damages and are not such as contemplated by Article 1995, V.A.C.S. With this we cannot agree. Upon breach of contract, the suit can be either for specific performance or for damages arising from said breach. 43-A Tex.Jur., Vendor & Purchaser, § 683, page 697; Broun v. Shannon, Tex.Civ. App., 290 S.W. 802, and 11 S.W.2d 540.

Because of the requirements of the contract—that is, delivery of the warranty deed and the payment of $20,000 at the time of such delivery, both in Pecos County, Texas—we believe that subdivision 5, article 1995, V.A.C.S., has been complied with.

Believing this, we overrule appellants' points of error and affirm the judgment of the trial court."

Appellant contends among other things that the $15,000 check was payable in Red River County, Texas (payment of which had been stopped by appellant), and that by reason thereof the suit was on the check and therefore maintainable only in Red River County. We do not agree—plaintiff's suit was not on the check, but was for liquidated damages for breach of the written contract, which we think from its four corners must be construed as being performable in Gregg County, Texas.

Appellant also contends that the bank was not the escrow agent as it did not sign a written appendage attached to the contract accepting in writing the escrow agency. While the appendage was not signed for the bank by any of its officers, the evidence is undisputed that the bank did in fact act as escrow agent and did all the necessary acts of the escrow agent.

Finding that the trial court entered a correct judgment under the record in this cause, the judgment of the trial court is affirmed.