**GRAHAM HOMES, INC., Appellant,**

v.

**BOWYER REAL ESTATE, Appellee.**

No. 18438.

Court of Civil Appeals of Texas, Fort Worth.

June 25, 1981.

Rehearing Denied July 23, 1981.

Russell, Tate & Gowan, David Tate, Wichita Falls, for appellant.

William K. Rosenberry, Arlington, Philip D. Phillips, Fort Worth, for appellee.

OPINION

SPURLOCK, Justice.

On appeal we affirm trial court's denial of a plea of privilege. Graham Homes, Inc., (seller) placed real estate with Bowyer Real Estate (realtor) to sell same for a fee. A contract for sale was consummated in which Covington Brothers (buyer) placed $100,000.00 in escrow as earnest money. The realtor was one of two realtors who contracted to sell the property and equally divide the compensation for their services. Covington defaulted and seller settled with Covington and retained $30,000.00 of the earnest money. Bowyer then brought this suit against the seller to recover for his services rendered under the written contract.

The portion of the contract made the basis of this suit is as follows:

"Seller agrees to pay the undersigned Real Estate Agent a fee of 6% of the sale price for negotiating the sale hereunder and said sum shall be due at Fort Worth, Texas on completion of the sale, or if seller defaults, then upon such default. If buyer defaults and if seller elects to retain the earnest money receipted for above as liquidated damages, then seller shall pay to the agent one half of the amount retained, up to the total amount of the commission due in full payment for agent's services."

The realtor sued for $7,500.00 representing its share of the earnest money retained when buyer defaulted. The realtor filed a controverting plea claiming venue lies in Tarrant County where suit was filed under the provisions of Tex.Rev.Civ.Stat.Ann. art. 1995, subd. 5 (Supp.1980–81). The relevant part of this subdivision is as follows:

"[I]f a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

The necessary venue facts which must be shown in order to sustain venue under art. 1995, subd. 5 are: (1) that the defendant is a party reached by the statute; (2) that the claim is based upon a written contract; (3) that the contract was entered into by the defendant; (4) that the contract by its terms provides for performance of the obligation sued upon in the county of suit. *General Motors Corporation v. Brady*, 477 S.W.2d 385 (Tex.Civ.App.—Tyler 1972, no writ).

The parties filed stipulation of evidence. The only dispute is whether the contract provides for performance of the obligation sued upon in the county of suit.

Seller contends that the contractual provision sued under sets out three separate obligations: One, an obligation by the seller to pay the agent a fee of 6% of the sale price in Fort Worth upon completion of the sale. Two, should the seller default, an obligation to pay the same fee in the same place upon default. The third obligation, seller argues, arises only in the event of the buyers default and the seller's retention of the earnest money as liquidated damages. In this event, seller contends the contract requires the seller to pay the agent one half of the amount retained, up to the total amount of the agent's commission.

It is seller's contention that unlike the first two obligations which require payment to be made in Fort Worth, the third obligation specifies no place of payment.

The realtor argues that the seller is attempting to complicate a simple matter and that there is only one obligation which is the payment of the real estate broker's compensation. The remainder of the paragraph simply specifies the amount due the relator in the event the buyer defaults rather than the seller.

The case of *Kornell v. Montgomery*, 421 S.W.2d 752 (Tex.Civ.App.—Texarkana 1967, no writ) holds that we must consider the principal right asserted in the petition in the nature of the relief sought. In the case of *Shelton v. Poynor*, 326 S.W.2d 583, 585 (Tex.Civ.App.—El Paso 1959, writ dism'd) holds that the essential obligation for venue purposes of the statute is that of payment.

The essential obligation here is the payment of a fee to the broker for obtaining the sales contract. This is clearly payable by the terms of the contract in Fort Worth, Texas.

The rest of the paragraph simply specifies the amount that will be due if the sale is consummated, the amount due if the seller defaults, and the amount due if the buyer defaults.

The case of *Ellis v. Trad*, 499 S.W.2d 666 (Tex.Civ.App.—Eastland 1973, no writ) involves a broker's fee disputed involving similar language to that contained in the contract before us. That court held venue could be held in the county named in the contract and sustained an order overruling the plea of privilege.

It is our opinion that the fees due the realtor are payable at Fort Worth, Texas, no matter how the fee is figured or the amount thereof. It is our opinion the plea of privilege was properly overruled.

We affirm.