SOUTHERN PINE LUMBER CO. v. KING.

No. 3496.

Court of Civil Appeals of Texas. Beaumont.

June 15, 1939.

R. E. Minton, of Lufkin, for appellant.

Manry & Cochran, of Livingston, for appellee.

WALKER, Chief Justice.

This suit was filed in the district court of San Jacinto County by appellee, D. C. King, against appellant, Southern Pine Lumber Company, for damages for breach of the following written contract:

"August 15, 1937. Shepherd, Texas.
"Mr. D. C. King
"Shepherd, Texas.

"In consideration of your purchasing and maintaining enough loaders and loader equipment in and near Shepherd to load all of the logs, hardwood, pine and box factory pine, to be shipped to Southern Pine Lumber Company and Temple Manufacturing Company at Diboll, Texas, we will give you the loading of all of the logs to be shipped from the above place and will pay you $1.50 per thousand feet Doyle Scale for all of the logs properly loaded on cars.

"You are to load as many cars as said Southern Pine Lumber Company and Temple Manufacturing Company would want and will be responsible for any demurrage accruing on cars and will furnish all necessary equipment and material necessary to load the cars also pay for all labor and be responsible for any damages done while loading, and in the event they discontinue shipping you will leave your address with Southern Pine Lumber Company or notify some of their representatives your future address where you can be notified when they want to begin loading.

"Yours very truly,
"Southern Pine Lumber Company
"By: E. H. Kirkland
"Accepted:
"D. C. King."

For cause of action, appellee alleged that appellant was a corporation, the due execution of the contract sued on, its breach, and the damages suffered by reason of the breach; he did not allege that the contract was executed in San Jacinto County. Appellant answered by plea of privilege to be sued in Angelina County.

By his controverting affidavit appellee claimed venue in San Jacinto County on the following facts: The contract was in writing and performable in San Jacinto County, and venue was predicated on Sec. 5 of Art. 1995, R.C.S.1925 as amended by Acts 1935, c. 213, § 1, Vernon's Ann.Civ. St. art. 1995, subd. 5: "Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, suit may be brought either in such county or where the defendant has his domicile."

The petition was made a part of the controverting affidavit; there was no allegation in the controverting affidavit that the contract was executed in San Jacinto Coun-

944

ty, nor did appellee claim venue under Sec. 23 of Art. 1995: "Suits against a private corporation, association or joint stock company may be brought in any county in which the cause of action, or a part thereof, arose."

Under the proof, the contract was executed in San Jacinto County, but there was no proof that appellant was a corporation. On the issue of Kirkland's agency, the evidence was to the effect that, after the contract was executed and delivered, appellee entered upon the discharge of his obligation and was paid by appellant for the services rendered by him.

The plea of privilege was overruled, and from that order appellant has prosecuted its appeal to this court.

As a general proposition, appellee rested under the burden of proving the due execution of the contract. Chambers v. First National Bank of Hemphill, Tex. Civ.App., 104 S.W.2d 58; Johnson v. Dallas Cooperage, etc., Co., 120 Tex. 27, 34 S.W.2d 845; City of Corpus Christi v. Live Oak County, Tex.Civ.App., 103 S.W.2d 226; Lanford v. Lovett, Tex.Civ.App., 97 S.W. 2d 982; Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, 94; Berry v. Pierce Petroleum Corp., 120 Tex. 452, 39 S.W.2d 824; C. & S. Sporting Goods Co. v. Brady Ind. School Dist., Tex.Civ.App., 54 S.W.2d 1033; White v. White, Tex.Civ.App., 105 S.W.2d 779. The fact that appellant permitted appellee to enter upon the discharge of the contract, and accepted and paid him for the services rendered, was evidentiary on the issue of Kirkland's agency.

The fact that the contract was executed in San Jacinto County cannot sustain the venue in that county for two reasons, 1st, there was no proof that appellant was a corporation, thus invoking the provisions of Sec. 23, and 2nd, there was no pleading on that issue.

The contract did not obligate appellant to "perform" its obligation in San Jacinto County, that is, to pay appellee in San Jacinto County for his services; so, Sec. 5 of Art. 1995, does not support the venue in San Jacinto County. Sec. 5, Art. 1995, R.C.S.; Taylor v. Burleson, Tex.Civ. App., 30 S.W.2d 351; Bomar Cotton Oil Co. v. Schubert, Tex.Civ.App., 145 S.W. 1193; Walthew & Sons v. Milby & Dow, 3 White & W. Civ.Cas.Ct.App. §§ 119–122; McCammant v. Webb, Tex.Civ.App., 147 S.W. 693; Collier v. Steinhardt, Tex.Civ. App., 16 S.W.2d 984; Fidelity Securities Co. v. Owens, Tex.Civ.App., 70 S.W.2d 308; Geo. S. Allison & Sons v. Hamic, Tex.Com.App., 260 S.W. 1037.

The judgment of the lower court is reversed, and the cause remanded for a new trial.

Reversed and remanded.