## PETROLEUM ENGINEERING & TOOL CO. v. BRANDON CO.

### No. 4737.

Court of Civil Appeals of Texas. El Paso.

May 31, 1950.

Charles H. Sherman, Jr., Alpha, Brunson & Morris, Houston, for appellant.

George M. Kelton, Odessa, for appellee.

SUTTON, Justice.

This appeal is from an order of the County Court of Ector County overruling a plea of privilege.

The Brandon Company sued the Petroleum Engineering & Tool Company to recover $327.51 and attorney's fees alleged to be due it under the terms of a written contract between the parties for commissions. The defendant timely filed its plea of privilege claiming its privilege to be sued in Harris County where it maintains its office and place of business. The plaintiff controverted the plea of privilege and sought to maintain the venue in Ector County under the fifth exception to art. 1995, Vernon's Ann.Civ.St., asserting the contract provided for the payment of the commissions in Ector County. On a hearing to the Court the plea of privilege was overruled, from which this appeal is prosecuted.

The written contract sued upon is attached as an exhibit to plaintiff's petiton and is made a part thereof and as well a part of the controverting affidavit. The provisions relied upon are: "Commissions on all Exner Dodge Products will be paid direct to the Petroleum Engineering & Tool Company and, immediately upon receipt of this commission check from Exner Dodge, Petroleum Engineering & Tool Company will mail to the Brandon Company their share of the commissions," and said contract further referring to "The Brandon Company of Odessa, Texas." This latter recitation is found in the beginning of the contract wherein it recites: "This contract and agreement made and entered into by and between the Brandon Company of Odessa, Texas, and the Petroleum Engineering & Tool Company of Houston, Texas, on this the first day of August, 1947 * * *"

The other provision relied upon is found in the sixth paragraph of the contract. The "Odessa, Texas", is but a mere statement of the address of the Brandon Company and the other provision is a mere agreement that the defendant will mail to The Brandon Company its share of the commissions immediately upon receipt of such commissions. The two provisions, if contained in one sentence, do not constitute a promise to pay the commissions to the Brandon Company at Odessa, Texas. Taken together the provisions merely provide the defendant will mail to the Brandon Company of Odessa, Texas, its share of the commissions. Exception 5 requires that the contract provide for the performance of the contract in a particular county, expressly naming such county, or a definite place therein. In other words, in order

to fix the venue in this case in Ector County it was essential that the contract obligate the defendant to pay the commissions in Ector County or a definite place therein. Such is not the provision. Saigh v. Monteith, C. J., 147 Tex. 341, 215 S.W. 2d 610(T).

The judgment of the trial court will be reversed and the cause remanded with instructions that the plea of privilege be sustained and the cause removed to Harris County.