HOME LIFE AND ACCIDENT INSURANCE COMPANY, Appellant,

v.

PHILLIPS–DUPRE. HOSPITAL, Appellee.

No. 6568.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 6, 1956.

Rehearing Denied March 12, 1956.

504

Irion, Cain, Bergman & Cocke, Dallas, for appellant.

Allison, Steele & Allison, Levelland, for appellee.

MARTIN, Justice.

The issue on this appeal is solely one as to venue under Exception 28 to Article 1995, Vernon's Texas Civil Statutes. Under an amendment to the Agricultural Act of 1949, The Migrant Labor Agreement of 1951, 7 U.S.C.A. § 1461 et seq. was made between the government of the United States and the government of Mexico. The agreement or treaty had reference to Mexican Nationals entering the United States for the purpose of performing farm labor and provides that the employer of such Mexican Nationals, at no cost to the worker, shall provide guarantees for the Mexican Worker with respect to medical care and compensation for personal injury and disease.

Appellant, Home Life and Accident Insurance Company, issued its policy of insurance No. 222 to Texas Producers Cooperative, Inc. to insure or guarantee the medical care and compensation for personal injury and disease as required by the Mexican Nationals employed by Texas Producer's Cooperative, Inc. Phillips-Dupre Hospital, a partnership composed of C. M. Phillips, John D. Dupree and R. A. Reid, herein called appellee, furnished medical service to the Mexican Nationals as insured by appellant. On nonpayment for the medical service and treatment as furnished these Mexican Nationals, appellee filed suit against appellant. Appellee's pleading incorporated therein the policy of insurance issued to protect the Mexican Nationals and asserted that appellee was entitled to recover under such policy and that venue of the suit was fixed in Hockley County, Texas by virtue of Exception 28 to Article 1995, supra.

Appellant asserts that venue facts under Exception 28 are determined by the ruling of the Commission of Appeals in National Life Co. v. Rice, 140 Tex. 315, 167 S.W.2d 1021. The court ruled that plaintiff in such cause, under Exception 28, was required to establish four elements to maintain his suit in McLennan County, the county of his residence, to wit:

"(1) that he was a policyholder;

"(2) that he resided in McLennan County;

"(3) that relator was a life insurance company; and

"(4) that he was suing on an insurance policy."

These four elements will be discussed with reference to venue in the cause here on appeal.

It is first observed under Subdivision (1) above that Exception 28 places a "beneficiary" in the same category as a "policyholder" by making provision that a suit may be brought against life, health and accident insurance companies in the county "where the policyholder or beneficiary instituting such suit resides." No contention is made that appellee is a policyholder and venue

must be sustained in this cause on the issue that appellee is a beneficiary under the policy.

An examination of the pleadings and evidence in the cause of action reveals that appellee has pleaded and has introduced in evidence the policy in issue as well as proving that it furnished medical treatment to the insured Mexican Nationals. The record as to pleading and proof is sufficient to establish that appellee is suing on the insurance policy. The pleading and proof is likewise sufficient to show a compliance with the requirement that appellants must be a life, health and accident insurance company. The pleadings and uncontroverted evidence further reveal that appellee resides in Hockley County, Texas where the loss insured under appellant's policy occured. The above elements of venue are conceded by appellant in that it predicates its appeal upon the one point of error that appellee is neither a beneficiary nor a policyholder under the policy in issue. Appellee is not a policyholder as to the policy of insurance issued to the Mexican Nationals but is clearly a beneficiary under said policy as to the issue of venue under Exception 28, supra.

■ It requires no citation of authority as to the legal principle that the policy of insurance as prepared, executed and delivered by appellant must be strictly construed against it. In Bankers Protective Life Ins. Co. v. Mozingo, 127 S.W.2d 525, the Court of Civil Appeals of Dallas ruled:

"A beneficiary of a life policy is the person designated by the terms of the contract as the one to receive the proceeds of the insurance; he is not a party to the contract—only the recipient of its proceeds."

The policy of insurance as issued by appellant will be examined in the light of such rule. The policy reveals the following pertinent facts under Section II thereof as to indemnity for occupational injury or sickness and under Section III thereof as to indemnity for non-occupational injury or sickness. Such sub-divisions provide as to both occupational and non-occupational sickness and injury that:

"* * * the Company will pay * * * any sums due for the proper cost of whatever medical, surgical, nurse, and/or hospital service * * * for each insured employee."

It is readily apparent from the policy provision above that appellant agreed to pay all sums for medical expenses and services as well as hospital service "for each insured employee" but it is significant that appellant does not agree in such sub-divisions of its policy to pay such sums to either the policyholder or to the Mexican National as insured thereunder. The record further reveals that appellee is a hospital operated as a partnership by qualified physicians who furnished to the Mexican Nationals, insured employees, the medical services for sickness and accident on which appellee sought recovery in the cause here in issue. Under the terms of the policy as issued by appellants, the appellee is a beneficiary. The policy clearly reveals that all payments as made for medical expense shall be made to the hospital, surgeon or physician furnishing such medical treatment for "each insured employee" and not to the insured Mexican Nationals who were transient workers.

The construction placed on appellant's contract of insurance as above discussed is further substantiated by the fact that the policy provides under Section V as follows:

"B. (d) if any dispute shall arise as to the necessity for the continuance of such benefits, it shall be resolved by agreement between the official Mexican Representative and the Company, * * *."

This provision clearly reaffirms the proposition that the actual benefits due under the terms of the policy for medical expenses furnished are payable to the person or hospital furnishing such medical treatment or expense and that neither the Texas Producers Cooperative, Inc. nor the Mexican

Nationals had any right under the policy to even decide a dispute as to the necessity for continuation of medical benefits.

The above provisions of the policy are sufficient to reveal that appellee is the actual beneficiary thereunder to whom payment for medical treatment was to be made directly by the company. But, the policy further provides under Section V as to the payment for benefits provided therein:

"E. The benefits provided herein shall be payable in full in United States of America dollars regardless of the residence of the payee or beneficiary, * * * and shall in all instances be payable to the Employee or the Consul of Mexico of Jurisdiction as Trustee for the *beneficiary designated by the Employee* * * *."

The word "designate" as chosen by the company in preparing its policy means:

"1. to cause to be known or to make recognizable by some mark or sign, by visible indication * * *. 3. to mark out or name for a specific purpose; select or appoint." Funk & Wagnall's New Standard Dictionary of the English Language.

The record is uncontroverted that the Mexican Nationals were treated by the appellee hospital and that the amounts of expense as sued upon were for medical services furnished to such Mexican Nationals by the appellee. When the Mexican Nationals as insured by appellant went to the appellee hospital and received treatment therein, as revealed by the uncontroverted evidence, such action on their part "designated" appellee as the beneficiary under the policy in issue as to the sums due for medical treatment of such Mexican Nationals. Any payment made by appellant to appellee for

such medical services as provided for under Sections II and III of the policy or discussed above would have been "for each insured employee," as stipulated by the policy of insurance issued by appellant.

The policy as pleaded and as placed in evidence contemplates that all sums due for expense for medical treatment and services to the insured Mexican Nationals would be paid directly to the party furnishing such medical expenses and treatment. Coupled with such provisions of the policy is the further stipulation wherein the employee is authorized to designate the beneficiary as to whom payment shall be made for the medical benefits as furnished. The Mexican National employees clearly designated appellee hospital as the beneficiary under the group policy of insurance as to medical expenses and treatment due when such employees selected appellee to furnish to them the required medical service, entered the hospital, and received the medical treatment as provided for under appellant's policy of insurance. Further, under the provisions of appellant's policy it was clearly contemplated and provided that such Mexican National employees were to make no claim to the funds due for medical treatment and benefits but such expense was to be paid by appellant to appellee "for each insured employee." Appellant recognized this construction of the contract by accepting the medical bills filed by appellee which it "processed and placed in line for payment" as revealed by its letter to appellee as introduced in evidence.

Appellee hospital has fully complied with all legal requirements necessary to fix venue in Hockley County, Texas under Exception 28 to Article 1995. Appellant's point of error is overruled and the judgment of the trial court is accordingly affirmed.