Jessie HELMS et ux., Appellants,

v.

HOME IMPROVEMENT LOAN CO., Appellee.

No. 15148.

Court of Civil Appeals of Texas.

Dallas.

July 13, 1956.

Rehearing Denied Sept. 21, 1956.

**166**

Waldrop, Shaw & Colley, Paul S. Colley, Henderson, for appellants.

Coffee, Cain, Read & McCracken, Harold W. McCracken, Dallas, for appellee.

DIXON, Chief Judge.

This is an appeal from an order overruling a plea of privilege.

Appellee Home Improvement Company filed suit for debt and foreclosure based on a note and mechanic's and materialman's lien contract involving real property owned by appellants in Rusk County, Texas, on which they have their home.

The note and contract were originally payable to Marvin A. Smith Company, but were acquired by appellee in due course for a valuable consideration.

The trial court overruled appellants' plea of privilege on the ground that venue properly lay in Dallas County under Art. 1995, subd. 5, Vernon's Ann.Civ.St., as amended in 1935.

Appellee in its brief has correctly stated the issue: "There is really only one thing to be determined by this court and that is: Did the parties, in executing the promissory note and the mechanic's and materialman's lien, contract that payment should be made in Dallas County, Texas?"

The material part of the note reads as follows: "For value received, the undersigned jointly and severally promise to pay to the order of Marvin A. Smith Co. Dallas, Texas the sum of Fourteen Hundred Nineteen and no/100 Dollars ($1,419.00) * *."

Appellants say that the words "Dallas, Texas" following the words "Marvin A. Smith Co." constitute a mere statement of the payee's address, and may not properly be construed as a provision expressly obligating appellants to make payment in Dallas County, Texas.

Appellee takes the opposite view, its position being stated in its brief as follows: "It is true the word 'at' Dallas, Texas, was not included specifically in the note, but when this fact is considered, in the light of the entire instrument, we think that the words 'Dallas, Texas', following the name of the payee, clearly showed that the parties contracted and agreed that payments on the note were to be made to the payee 'at' Dallas, Texas."

We think our decision must be controlled by the holding of our Supreme Court in Saigh v. Monteith, 147 Tex. 341, 215 S.W.2d 610. On page 611 of 215 S.W.2d the Supreme Court in its opinion said: "The intention of the Legislature in adding this amendment is obvious. Under Subsection 5 as it stood at the time of the amendment one might become a party to a contract which by implication obligated him to perform in a particular county, although the contract did not expressly name the county of performance and obligate the defendant to perform therein. *By amendment the lan-*

*guage of the subdivision was made so plain as to admit of no construction that would fix venue by implication."* (Emphasis supplied.)

In the light of the above holding by the Supreme Court, we find ourselves unable to accept appellee's view of the matter. If we read the word "at" into the language of the note so as to give it the construction for which appellee contends, we must do so by implication. That is exactly what the Supreme Court says we may not do.

We sustain appellants' points on appeal. Since the language of the note does not bring the instrument within the terms of Art. 1995, subd. 5, appellants are entitled to have the suit transferred for trial in Rusk County, the county in which they have their domicile.

The judgment of the trial court is reversed and judgment is here rendered directing the trial court to order that the suit be transferred to Rusk County, Texas, for trial.