Henry E. **TATUM** et ux., Appellants,

v.

**HOME IMPROVEMENT LOAN CO.,**
Appellee.

No. 3452.

Court of Civil Appeals of Texas.

Waco.

March 14, 1957.

Stark & Carroll, Gainesville, for appellants.

Roy C. Coffee, Dallas, Cecil Murphy, Gainesville, for appellee.

McDONALD, Chief Justice.

This is a venue case. Parties will be referred to as in the Trial Court. Plaintiff filed suit against defendants on a note in Dallas County, Texas. The defendants filed pleas of privilege to be sued in Cooke County, the county of their residence. The

Trial Court overruled defendants' pleas of privilege and defendants appeal.

Pertinent portions of the note which was the basis of the suit are:

"Note

"Mailing Address

"(509 E. Elm Street)    1112 N. Taylor, Gainesville, Texas    Oct. 12, 1954
"Street Address of      Town and P.O. Zone      State      Date
    Purchaser

"For value received, the undersigned jointly and severally promise to pay to the order of Marvin A. Smith Co. Dallas, Texas, the sum of Fifteen Hundred Forty Eight and 60/100 Dollars (1,548.60) in 60 consecutive monthly installments of $25.81 each * * *

 * * * * * * * * * *

"H. E. Tatum
"Bessie E. Tatum"

The sole question here is whether this is a contract in writing to perform an obligation in a particular county, as contemplated by Article 1995, Subdiv. 5, R.C.S., Vernon's Ann.Civ.St. art. 1995, subd. 5, so as to maintain venue in Dallas County. Stated another way, does the recital in the note, supra,

"promise to pay to the order of Marvin A. Smith Co. Dallas, Texas, the sum of Fifteen Hundred Forty Eight"

specify that the note is to be paid in Dallas County, Texas?

■ Exceptions to Article 1995 are strictly construed. They must be clearly established before a citizen can be deprived of his right to be sued in the county of his domicile. National Life Co. v. Rice, 140 Tex. 315, 167 S.W.2d 1021; Colorado County v. J. M. English Truck Lines, Inc., Tex.Civ.App., 203 S.W.2d 357.

■ We think that the note gives Dallas, Texas, by way of recital of the residence or address of Marvin A. Smith Co., and that such recital is not an agreement on the part of defendants to perform in Dallas County, Texas. We think the note on its face shows that it does not come within the exceptive provisions of Sec. 5, Art. 1995, R.C.S. as amended. The note on its face is not made payable at Dallas. It is wholly silent as to the place of payment. The note does not specifically provide for payment in Dallas County. It merely shows that defendants promised to pay the note "to the order of Marvin A. Smith Co. Dallas, Texas." See: Watkins v. McCluskey, Tex.Civ.App., 284 S.W.2d 381; Nichols v. Benjamin Franklin Bond & Indemnity Corporation, Tex.Civ.App., 81 S.W.2d 279; Collier v. Steinhardt, Tex. Civ.App., 16 S.W.2d 984; Alexander & Sons v. Watt, Tex.Civ.App., 233 S.W.2d 911; Petroleum Engineering & Tool Co. v. Brandon Co., Tex.Civ.App., 232 S.W.2d 247.

If plaintiffs had so desired they could have inserted "at" between Marvin A. Smith Co. and Dallas, Texas, in preparing the note. Since they did not do so we are bound by the authorities cited supra to hold that plaintiff has not clearly established that the note was payable in Dallas County so as to deprive defendants of their valuable right to be sued in the county of their domicile.

■ To deprive defendants of their right to be sued in the county of their domicile, the place of payment other than the defendants' domicile must be expressly written into the note. Venue other than a defendant's domicile cannot be fixed by implication. Johnston v. Personius, Tex.

Civ.App., 242 S.W.2d 471; Saigh v. Monteith, 147 Tex. 341, 215 S.W.2d 610, 611; Rorschach v. Pitts, 151 Tex. 215, 248 S.W.2d 120; Rogers v. Waters, Tex.Civ. App., 262 S.W.2d 521.

Helms v. Home Improvement Loan Co., Tex.Civ.App., 294 S.W.2d 165, is directly in point, and reaches the same conclusion as reached herein.

It follows that the order overruling defendants' pleas of privilege is reversed and the cause is ordered transferred to Cooke County.

Reversed and remanded.