**TEXAS GAS PRODUCTS CORPORATION et al., Appellants,**

**v.**

**A. H. ROWAN et al., Appellees.**

No. 15944.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 24, 1958.

Rehearing Denied Nov. 14, 1958.

Culton, Morgan, Britain & White, and Raymond W. Richards, Amarillo, for appellants.

Tilley, Hyder & Law, and Elton M. Hyder, Jr., Fort Worth, for appellees.

MASSEY, Chief Justice.

The appellees brought suit as plaintiffs against appellants to enforce payment of consideration by the latter according to the former's interpretation of the provisions of a certain contract. Appellants filed a plea of privilege. Upon hearing, this was overruled, from which ruling this appeal was perfected.

Judgment affirmed.

The question posed is whether the written contract in question was one in which the appellants had contracted to perform their obligation of payment in the particular county of the suit, Tarrant County, with either the County or a definite place therein provided. If it did, then the order overruling the plea of privilege was the proper order, for it was a proper exception to the general rule and within the provisions of Subdivision 5 of Art. 1995, Vernon's Ann. Civ.St., the venue statute.

The contract, in relation to the performance sued upon, is embodied in Gas Division Orders executed under the basic contract executed by the parties. However, the controlling effect of the provisions thereof is

**816**

·not in issue. The contractual provision ·sued upon reads as follows:

> "Second: Payments are to be made by checks of Texas Gas Products Corporation * * * *to be delivered or mailed to the parties thereto entitled at the address above given* * * *."* (Emphasis ours.)

The address referred to was "Fair Building, Fort Worth 2, Texas," and the parties were the appellees at said address.

Appellants concede that if the words, *"or mailed,"* had been deleted in the language used, venue would lie in Tarrant County, Fort Worth being the county seat thereof. However, they contend that if the word, "delivered," had been deleted, the contract would have merely provided for a performance on their part of merely placing in the mail checks in a cover addressed to the appellees at their address in Tarrant County, and that under the decisions of Browne v. Heid Bros., Inc., Tex.Civ.App. El Paso 1928, 12 S.W.2d 587, and Petroleum Engineering & Tool Co. v. Brandon Co., Tex.Civ.App. El Paso 1950, 232 S.W.2d 247, there would be no venue exception under Subdivision 5. ·Then appellants carry their reasoning a step further and contend that the language as a whole gave them an option as to place of performance; hence, the option to mail their checks canceled-out, so to speak, the provision for performance connoted by the word, "delivered," leaving the entire contract one which contained no express provision for performance of their obligation in Tarrant County.

██ We are of the opinion that the words, "or mailed," as used in the contract, are subsidiary only to the provision for delivery. Being subsidiary, and not controlling, they do not confer any option in relation to performance on the part of the appellants. In a contract the place of performance of payment is ordinarily regarded to be the domicile of the payor where no place of payment is fixed. Here a place for performance was fixed by the parties when a provision was inserted for delivery of payments in Tarrant County. When this was done the meaning of the contract became clear and without ambiguity. When at one and the same time and in the same sentence the provision was inserted giving the appellants the option of mailing their payment checks to the appellees, we are of the opinion that, as a matter of law, the provision did no more than recognize an agency through which the appellants could act in performing its obligation of delivery.

We have no doubt of the meaning of the contract and see no provision requiring construction. It is to be noted that in the case of Browne v. Heid Bros., Inc., supra, there was no provision of contract which even constituted a necessary implication that delivery in El Paso was contracted. The facts failed to alter the general rule of law that the domicile of the payor is the place of performance of the duty of payment. The same is true as to the case of Petroleum Engineering & Tool Co. v. Brandon Co., supra. In neither case was the obligation imposed to do more than post checks in the postoffice where the payor resided. True, it was no doubt necessarily implied the cover envelopes should be addressed in a way reasonably calculated to result in a delivery to the addressee, but no part of the obligation contracted made it incumbent upon the payors to set that the postoffice actually effected delivery.

Judgment is affirmed.