MEMBERS MUTUAL INSURANCE
COMPANY, Appellant,

v.

Orvall CARROLL et al., Appellees.

No. 3485.

Court of Civil Appeals of Texas.

Eastland.

Jan. 29, 1960.

Fulbright, Crooker, Freeman, Bates & Jawroski, Houston, for appellant.

Edward H. Littman, Ingram & Moore, Wharton, for appellees.

WALTER, Justice.

This is a venue case. Orvall Carroll filed suit against Members Mutual Insurance Company and Monroe Lee King, seeking to recover $510.30 plus attorney's fees for repairs made by him to King's automobile. The insurance company filed its plea of privilege to be sued in Dallas County. Carroll filed a controverting plea asserting that venue was properly laid in Wharton County under subdivisions 4 and 23 of Article 1995, Vernon's Ann.Civil Statutes. The plea of privilege was overruled and the insurance company has appealed, contending the court erred in overruling its plea of privilege (1) because no cause of action was proved against the resident defendant, King; (2) because plaintiff failed to prove his cause of action or a part thereof arose in Wharton County and (3) because plaintiff failed to prove that the person purporting to act as its agent was in truth and in fact acting as its agent within the scope of his authority.

Carroll operated the Carroll's Auto Service, Post Office Box 373, in the town of Wharton, Texas. Carroll testified that in July, 1958, a man by the name of Vaughn E. Murphy came to his shop and asked him to look at a car belonging to Mr. King. Murphy took Carroll to look at the car and brought him back to his shop where the parties made a contract for Carroll to repair the car for $475 and Carroll was instructed by Murphy to pay the storage bill on the car and add it to his bill and send it to the appellant company. Carroll testified that he had been doing business with Members Mutual Insurance Company, hereinafter referred to as insurance company, for about five years through its employee Vaughn E. Murphy. During such period of time he had repaired approximately thirty or thirty-five cars for them and the company had always paid the bill. On this occasion after Murphy had made his deal with Carroll to repair the automobile, he instructed Carroll to send the bill to the insurance company. After doing this work, Carroll mailed the insurance company a bill and it was not until December, 1958, that he received a letter from them addressed to Carroll's Auto Service, Wharton, Texas, in which letter it did not deny that Murphy was its agent or that he did not have authority to enter into such contract with Carroll, but refused to pay the bill because the insurance company had determined that it had the liability but not the collision insurance on King's car.

We hold that the court was warranted in overruling appellant's plea of privilege under that portion of subdivision 23 of Article 1995 which reads as follows "Suits against a private corporation, association, or joint stock company may be brought * * * in the county in which the cause of action or a part thereof arose."

Subdivision 4 of Article 1995 provides "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides." In order to maintain venue under subdivision 4, the plaintiff must establish by a preponderance of the evidence (1) that one of the defendants resides in the county where the suit is filed and (2) that he has a cause of action against the resident defendant. He must also allege

facts showing that the non-resident defendant is properly joined in the suit but he need not prove a cause of action against the non-resident defendant. Ladner v. Reliance Corporation, 156 Tex. 158, 293 S.W. 2d 758; Stockyards Nat. Bank v. Maples, Tex.Com.App., 127 Tex. 633, 95 S.W.2d 1300. We hold that the record reveals that Carroll was entitled to maintain venue in Wharton County under subdivision 4.

We have considered all of appellant's points and find no merit in them and they are overruled. The judgment is affirmed.