Clyde S. SMITH et al., Appellants,

v.

CROCKETT PRODUCTION CREDIT ASSOCIATION, Appellee.

No. 14211.

Court of Civil Appeals of Texas.
Houston.
Nov. 21, 1963.

Rehearing Denied Dec. 12, 1963.

Ted Musick, Houston, for appellants.

Adams & Granberry, F. P. Granberry, Crockett, for appellee.

BELL, Chief Justice.

This is an appeal from a judgment overruling appellants' pleas of privilege.

Appellee filed suit against Clyde S. Smith, as maker of several promissory notes, to recover the balance due on those notes, and to foreclose its chattel mortgage lien on various items of personal property. It joined Carol Warnki, C. D. Sheffield and Carel Rasberry as defendants because they had allegedly purchased certain items of personal property covered by the chattel mortgage and judgment of foreclosure was sought against each of them. None of the defendants resided in Houston County.

Each defendant filed his plea of privilege to be sued in the county of his residence. The appellee filed its proper controverting plea, asserting that venue lay in Houston County because the notes executed by Smith were payable in Houston County and that this also being a suit to foreclose a lien on personal property the other defendants were necessary parties since each had purchased some of the property after the execution and recording of the chattel mortgage which created the lien securing the notes sued upon. The case was subsequently dismissed as to Warnki and Rasberry. After hearing, the pleas of privilege filed by Smith and Sheffield were overruled.

The various notes were introduced in evidence. Each note provides that Clyde S. Smith will pay the amount of the note to appellee "in the City in Texas in which said Association's principal office is located." Testimony established that appellee's principal office was at all material times located in Crockett, Houston County. The execution of the chattel mortgage and its proper filing were proven. Evidence also established that Sheffield had bought some of the cattle and some of the equipment covered by the chattel mortgage and that he claimed such property by reason of trade or purchase from Smith.

The appellee, contrary to appellant Smith's contention, sufficiently sustained venue in Houston County as to Smith. It alleged and proved the execution of the notes sued on. Each note provides for payment "in the City in Texas in which said Association's principal office is located." The evidence showed its principal office was at Crockett in Houston County. This satisfies the requirements of Subdivision 5 of Article 1995, V.A.T.S.; Harrison et al. v. Nueces Royalty Co., 163 S.W.2d 244 (CCA), writ of error dism.; Butler, Williams & Jones v. Goodrich, 288 S.W.2d 887 (CCA), writ of error refused, n. r. e.

**956**

Venue was properly sustained as to appellant Sheffield under Subdivision 29a of Article 1995. Venue as against Smith being properly laid in Houston County under Subdivision 5, all necessary parties against whom a cause of action is alleged and proven can be sued in Houston County also. A cause of action showing Sheffield to be a necessary party to the suit against Smith was alleged and proved because he was shown to be a claimant of some of the property covered by the chattel mortgage that was given to secure the notes and on which foreclosure was sought. Pioneer Building & Loan Ass'n v. Gray, 132 Tex. 509, 125 S.W.2d 284 (S.Ct.); Deal v. Grand Finance Co., Inc. of Austin, 228 S.W.2d 984 (CCA), Pet. Wr. Mand. overruled; First National Bank of Pleasanton v. Southwestern Investment Co., 301 S.W.2d 192 (CCA), writ dism.

The controverting plea was not subject to the charge that it was insufficient because sworn to by appellee's attorney. Rule 14, T.R.C.P. authorizes an attorney to make an affidavit in a case for a party. The affidavit shows on its face that the attorney was authorized to make it and that he was "cognizant" of the matters therein stated in the controverting plea and he swore to their truth.

There is no merit in appellants' contention that the pleas of privilege should have been sustained because appellee failed to obtain a timely hearing. A hearing was held and action taken by the court prior to trial on the merits. Narveson v. Nock, 214 S.W.2d 842 (CCA), no writ hist.; Ragland v. Short, 245 S.W.2d 368 (CCA), app. writ of mandamus overruled; Gourley v. Fields, 348 S.W.2d 787 (CCA), no writ hist.

Appellants erroneously urge the venue facts were not proven because there was failure to prove default; that no fraud was shown; that no consideration was shown; there was no showing of credits of payments made on the notes; that there was no demand made for payments and no

proof of a sale to Sheffield of any mortgaged property. The venue facts in a suit against a maker of promissory notes, such as we have here, are the written instrument providing for payment in a named county or a named place in the county. Here the note so payable was proven. The above asserted deficiencies go not to the venue facts but to the merits. Bradley v. Trinity State Bank, 118 Tex. 274, 14 S.W.2d 810 (Com.App.), opinion adopted by S.Ct. As to Sheffield, we have already noticed the proof of a cause of action against him showing him to be a necessary party was sufficient.

All other complaints have been considered and are overruled as being without merit.

The judgment of the trial court is affirmed.