Jim THOMAS, Appellant,

v.

OIL BELT SUPPLY COMPANY et al., Appellees.

No. 3853.

Court of Civil Appeals of Texas.

Eastland.

Feb. 14, 1964.

Roach & Robertson, Dallas, for appellant.

Woodward & Johnson, Coleman, for appellee.

COLLINGS, Justice.

Oil Belt Supply Company and others brought suit in the District Court of Coleman County against Jim Thomas to recover the sum of $6,339.98, which plaintiffs alleged defendant was obligated to pay by virtue of a letter written by Thomas to the

First Coleman National Bank, Coleman, Texas. Thomas filed a plea of privilege to be sued in Dallas County, the place of his residence. Plaintiffs filed a controverting plea claiming venue in Coleman County under the provisions of Subdivision 5, Article 1995, Vernon's Ann.Tex.Civ.St.; that Thomas contracted and obligated himself in his letter to make payment of said $6,339.98 in Coleman County. After a hearing the plea of privilege was overruled and Thomas has appealed. At appellant's request the trial court made and filed findings of fact and conclusions of law.

Appellant Thomas presents points urging that the court erred in overruling his plea of privilege, erred in holding that the letter he had written obligated him to pay the amount specified in Coleman County, in compliance with the provisions of Sub-division 5, of Article 1995. Subdivision 5 provides as follows:

"Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

Appellant is entitled to have the case transferred to Dallas County unless appellees have shown their right to maintain the suit in Coleman County under the above or some other subdivision of the venue statute. Appellees rely upon Subdivision 5. The letter in question as shown by the findings of fact filed by the court reads as follows:

"JIM THOMAS
Box 10802
DALLAS 7, TEXAS
November 7, 1962

FIRST COLEMAN NATIONAL BANK
Coleman, Texas

ATTENTION: Mr. C. W. Hemphill, Jr.

Gentlemen:

Tri-M Drilling Company, Inc., drilled a well on the Wheeles No. 1, Runnels County, Texas, to a depth of 4127 feet and have invoiced us for same. Date of invoice is October 3, 1962. Amount of invoice is $20,073.24, of this amount $9,300.00 has been paid leaving a balance due in the amount of $10,773.24. Of the amount of $10,773.24, Tri-M Drilling Company's 1/4 interest is $2,693.31 then leaving a balance of $8,079.93 of which there is an insurance claim to be deducted in the amount of $1,739.95 then leaving a net balance due from Jim Thomas, the below signed in the amount of $6,339.98//.

They, Tri-M Drilling Company, Inc., have requested us to withhold $6,339.98 from the above invoice and to pay this amount direct to First Coleman National Bank within 30 days from date of this letter with amount to be applied to Oil Belt Supply Company account. We agree to make this payment as requested by the Tri-M Drilling Company, Inc.

| The above assignment is approved and agreed to by us: | Yours very truly, |
|---|---|
| TRI-M DRILLING COMPANY INC., By /s/ J. D. Frick | JIM THOMAS /s/ Jim Thomas" |

Appellees contend that appellant Thomas has by the letter obligated himself to make the payment therein specified at a definite place in Coleman County to-wit, at First Coleman National Bank in Coleman County. Appellees point out that the letter is addressed to "First Coleman National Bank, Coleman, Texas," and urge that a definite place in Coleman County is thereby indicated in connection with the promise to pay. Appellees particularly urge the provision of the letter that appellant shall "pay this amount direct to First Coleman National Bank." The trial court in its conclusions of law found:

"1. That the instrument executed by Defendant is a contract in writing as contemplated under subdivision 5 of Article 1995, Amended Acts 1935, 45th [44th] Leg., p. 503, Ch. 213, par. 1.

"2. This Court has construed the contract in its entirety. Considering in particular that the contract is addressed to the First Coleman National Bank, Coleman, Texas, and that same contains a provision requiring defendant to make payment 'direct to' First Coleman National Bank, the Court has taken these and all other provisions of the contract into consideration and considered them together in order to ascertain the meaning and effect of the contract. As a consequence, the construction this Court places upon said contract is that Defendant did obligate himself in writing to make payment in Coleman County, Texas, and to the First Coleman National Bank, a definite place in Coleman County, Texas, since it logically follows that payment made 'to' First Coleman National Bank in some place other than the place where said bank is located would be 'indirectly to', and the contract clearly states that payment is to be made 'directly to'.

"3. The Court construes the words 'direct to' to indicate the place at which payment is to be made.

"4. Defendant's plea of privilege should be overruled since an exception to the venue statute exists, and the suit is properly maintained in Coleman County, Texas."

The letter shows an agreement by appellant to comply with the request of Tri-M Drilling Company, Inc., to pay the specified amount direct to First Coleman National Bank. The letter, however, does not satisfy the requirements of subdivision 5 of the venue statute in that it does not expressly name Coleman County or a definite place therein as the county or place at which the agreement to pay is to be performed. The fact that the letter was addressed to the First Coleman National Bank, Coleman, Texas, and provided that the payment should be made "direct to First Coleman National Bank" does not constitute a promise to make the payment in Coleman County or at a definite place therein. The meaning of the language was merely that appellant agreed to make the payment to the bank rather than to Tri-M Drilling Company, Inc. Saigh v. Monteith, 147 Tex. 341, 215 S.W.2d 610; Watkins v. McCluskey, Tex.Civ.App., 284 S.W.2d 381; Tatum v. Home Improvement Loan Company, Tex.Civ.App., 300 S.W.2d 215; Southern Pine Lumber Co. v. King, Tex.Civ.App., 130 S.W.2d 942; Pack v. Dittlinger & Dare, Tex.Civ.App., 136 S.W.2d 636; Petroleum Engineering & Tool Co. v. Brandon Company, Tex.Civ.App., 232 S.W.2d 247.

In this connection the case of Burtis v. Butler Bros., 148 Tex. 543, 226 S.W.2d 825, states as follows:

"The language of the statute is plain, and suit can only be brought against a defendant outside the county of his residence, when he has contracted in writing to perform an obligation 'in a particular county, *expressly naming such county, or a definite place therein, by such writing.*' (Emphasis ours) Venue may not be sustained by impli-

cation. Saigh v. Monteith, 147 Tex. 341, 215 S.W.2d 610."

For the reasons stated the order overruling appellant's plea of privilege is reversed and it is ordered that the case be transferred to Dallas County, Texas.