PIPER, STILES & LADD et al., Appellants,

v.

FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Appellee.

No. 14902.

Court of Civil Appeals of Texas.

Houston.

Nov. 17, 1966.

Rehearing Denied Dec. 8, 1966.

W. Pat Camp, J. Mack Ausburn, San Antonio, for appellants.

Fulbright, Crooker, Freeman, Bates & Jaworski, Russell Talbott, Houston, for appellee.

COLEMAN, Justice.

This is an appeal from an order overruling appellants' plea of privilege. Appellee sued appellants (an insurance agency and the partners in such agency) alleging that appellants were indebted to it. All appellants filed pleas of privilege, asserting residence in Bexar County, Texas. Appellee filed its controverting affidavit relying on Subdivision 5 of Article 1995, Vernon's Ann.Tex.Civ.St.

The question for decision is whether the contract provides for payment in Harris County, or a definite place therein.

The indebtedness sued on grew out of an agency contract, the material parts of which read:

"This Agreement, made this *1st* day of *January,* 1962, by and between the FIDELITY AND DEPOSIT COMPANY OF MARYLAND, of the City of Baltimore,

State of Maryland, hereinafter called the 'Company,' and *Piper, Stiles and Ladd,* Address *1207 National Bank of Commerce Bldg.*, Town *San Antonio* County *Bexar* State *Texas,* hereinafter called the 'Agent,' WITNESSETH:

" * * *

"SIXTH—The Agent shall be responsible for the payment of original premiums upon all bonds and policies written and of all annual, renewal and continuation premiums on all cancelable bonds and policies written through the Agent or any of the sub-agents or brokers of the Agent, and shall remit for the same to the *Houston Branch Office* Office of the Company as hereinafter provided. * * *

"SEVENTH—The Agent shall, on or before the *10th* day of each month, send the Company a statement together with a check for the balance shown to be due the Company * * *."

The address of the "Company" is stated to be Baltimore, Maryland. In paragraph Seventh the agent agrees to send the company a statement together with a check for the balance due on or before the 10th day of each month. The agent agrees to remit for the premiums due on policies written by him or his sub-agents or brokers to the Houston Branch Office "of the Company". There is evidence that the Company had only one "Houston Branch Office", which was located in Houston, Harris County, Texas.

The question arises over the fact that appellants agreed to "remit" the payments "to" the Houston Branch Office rather than to make payments *at* the Houston Branch Office. Subdivision 5 of Article 1995, R. C.S., provides:

"No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases:

" * * *

"5. Contract in writing.—If a person has contracted in writing to perform an ob-ligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

Appellants agreed in writing to make the payments due the company to the Houston Branch Office of the company. The only reason for including this provision in the contract was to provide the place at which the payments were to be made. Proof of the location of the Houston Branch Office was properly admitted, and it established that the payments were to be made in Harris County. Smith v. Crockett Production Credit Ass'n., 372 S.W.2d 954 (Tex. Civ.App., Houston, 1963); Butler, Williams & Jones v. Goodrich, 288 S.W.2d 887 (Tex. Civ.App., Galveston, 1956, ref., n. r. e.); Harrison v. Nueces Royalty Co., 163 S.W. 2d 244 (Tex.Civ.App., San Antonio, 1942, writ dism.); Cities Service Oil Co. v. Brown, 119 Tex. 242, 27 S.W.2d 115 (Tex. Com.App., 1930, opinion adopted).

The agreement specifies the particular office of the company to which the payments were to be sent. They were not to be sent to the Baltimore office, or some other office, but were to be sent to the Houston office. Whether the words "Houston Office" were used as the name of a division of the company, or whether the word "office" was used in its ordinary sense as "a place for the regular transaction of business" with the word "Houston" used to give its geographical location, is immaterial since the evidence establishes that the Houston Office of the Company was located in Houston, Harris County, Texas. This portion of the agreement specifies where the money was to be sent rather than to whom the money was due. The agreement to send money to a particular office, the location of which is definitely fixed, distinguishes this case from such cases as Saigh v. Monteith, 147 Tex. 341, 215 S.W.2d 610 (1948); Petroleum Engineering & Tool Co. v. Brandon Co., 232 S.W.2d 247 (Tex.Civ.App., El

Paso, 1950, no writ); Tatum v. Home Improvement Loan Co., 300 S.W.2d 215 (Tex. Civ.App., Waco, 1957, no writ), and Thomas v. Oil Belt Supply Company, 375 S.W.2d 527 (Tex.Civ.App., Eastland, 1964, no writ).

The judgment of the trial court is affirmed.