Romeo G. GARCIA et al., Appellants,

v.

COASTAL BEND PRODUCTION CREDIT ASSOCIATION, Appellee.

No. 423.

Court of Civil Appeals of Texas.

Corpus Christi.

June 27, 1968.

Rehearing Denied July 25, 1968.

Lloyd, Lloyd, Dean & Ellzey, E. G. Lloyd, Jr., Alice, for appellants.

James W. Williams III, Robstown, for appellee.

## OPINION

GREEN, Chief Justice.

A venue case. Appellee filed suit on a promissory note against appellants, the makers of said note, in the 94th District Court of Nueces County, Texas. Appellants timely filed their plea of privilege to be sued in Jim Wells County, where they resided at all times material hereto. Appellee in its controverting affidavit relied for venue on Vernon's Ann.Civ.St. art. 1995, Sec. 5, which reads:

"5. Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

The trial court overruled the plea of privilege. Appellants' only point of error reads:

"Since the note sued on does not expressly name a particular county in Texas where it is payable or a definite place in any such county by such writing, venue of the suit on the note does not lie in Nueces County Under Article 1995, Section 5, Revised Civil Statutes of Texas, and the trial Court erred in overruling Appellants' plea of privilege."

In the note in suit, the makers "severally and jointly promise to pay to Coastal Bend Production Credit Association or order, *in the city in Texas in which said Association's principal office is located*"* the principal sum and interest when due. The note does not expressly name a particular county in which the makers contracted to perform their obligation of payment. However, the note does name, in writing a definite place where such payment was contracted to be made. Such definite place is "in the city in Texas in which said Association's principal office is located." The evidence established without dispute that the Association's principal office was, at all times here material, located in Robstown, Texas. We take judicial notice that Robstown, Texas is in Nueces County, Texas. Barber v. Intercoast Jobbers & Brokers, Tex.Sup.Ct., 417 S.W.2d 154; Buckaloo Trucking Company v. Johnson, Tex.Civ.App., 409 S.W.2d 911.

The evidence that appellee's principal office is located in Robstown, Texas, was admissible. Where a written contract names or identifies in writing a definite place for performance, extraneous evidence is admissible to establish the county in which that definite place is located. Burtis v. Butler Bros., Tex.Sup.Ct., 226 S.W.2d 825; Harrison v. Nueces Royalty Co., Tex. Civ.App., 1942, 163 S.W.2d 244, wr. dism.; Butler, Williams & Jones v. Goodrich, Tex. Civ.App., 288 S.W.2d 887, wr.dism.; Smith v. Crockett Production Credit Association, Tex.Civ.App., 372 S.W.2d 954, n. w. h.; Piper, Stiles & Ladd v. Fidelity & Deposit Co. of Maryland, Tex.Civ.App., 408 S.W.2d 800, wr. dism.; Lebow v. Weiner, Tex.Civ. App., 420 S.W.2d 755.

* Emphasis added.

The Supreme Court, in *Burtis*, supra, stated:

"If the written instrument states a definite place where suit may be brought or the contract is to be performed, such definite place may be identified as being located within a particular county by extraneous proof. Harrison v. Nueces Royalty Co., Tex.Civ.App., 163 S.W.2d 244."

In *Harrison*, supra, the note was made payable "at the office of Nueces Royalty Company." In *Butler, Williams & Jones*, supra, plaintifffs' suit was for damages based on breach of a written contract to make repairs "on your (plaintiffs') residence below Navasota, Texas." In *Smith*, supra, the note provided in writing for payment "in the City in Texas in which said Association's principal office is located," the exact language contained in the note here at issue. In *Piper*, supra, the appellant agreed in writing to make the payments due under the contract to the Houston Branch office of the company. In *Lebow*, supra, the written obligation was to be performed "at listing realtor's office", which was established by extraneous evidence to be in Galveston County, Texas.

In each of said cases, it was held that the written contract provided for performance of an obligation at a definite place, and that extraneous evidence was admissible to prove the county in which such definite place was located; and venue under Section 5, Art. 1995, was upheld. We are disposed to make the same ruling in the instant case.

The cases cited and relied upon by appellants in support of their point of error have been carefully examined by us, these being Saigh v. Monteith, Chief Justice, et al., 147 Tex. 341, 215 S.W.2d 610; N. Estrada, Inc. v. Terry, Tex.Civ.App., 293 S.W. 286, n. w. h.; Traweek v. Ake, Tex. Civ.App., 280 S.W.2d 297, and Blanco v. Rowell, Tex.Civ.App., 347 S.W.2d 641. As stated in Butler, Williams & Jones v. Goodrich, supra:

"Saigh v. Monteith (147 Tex. 341, 215 S.W.2d 611) merely holds that the fact of a contract requiring payment to 'Second National Bank of Houston', being only the name of the payee, did not fix the place of payment and therefore did not fix venue. An additional obligation involved in that case was for the delivery of certain equipment 'to second party's warehouse.' The location of the warehouse was not stated in the contract and there is no reference in the opinion to any extrinsic proof of its location, from which we assume that none was in the record. This being true, the case does not appear to be in point."

In *Estrada*, the plaintiff in his controverting affidavit relied solely on subdivision 23, and subdivision 5 was not involved. In *Traweek*, the court said on the authority of Rorschach v. Pitts, Tex.Sup.Ct., 151 Tex. 215, 248 S.W.2d 120, that the essential obligation for venue purposes under Art. 1995, Subdivision 5, involving a written contract is that of payment, and where no place of payment is specified in the contract no exception to the general rule of domicile is involved. No place of payment or of performance was specified or expressly set out in the contract there in issue. In *Blanco*, there was no provision in the sales contract in question naming in writing any definite place where the payments under the contract were to be made. None of these authorities are in point as supporting appellants' contentions.

We overrule appellants' point of error.

Judgment affirmed.