**INTERNATIONAL SECURITY LIFE IN-SURANCE COMPANY, Appellant,**

v.

**H. P. ROBICHAU, Jr., Appellee.**

No. 7431.

Court of Civil Appeals of Texas, Beaumont.

Jan. 31, 1973.

Stanley S. Crooks, Dallas, for appellant.

Gordon R. Pate, Beaumont, for appellee.

KEITH, Justice.

The defendant below appeals from an order overruling its plea of privilege to be sued in Dallas County. Plaintiff, an attorney at law and a resident of Jefferson County, brought suit to recover the balance of his attorney's fees for representing the defendant in litigation which originated in the District Court of Jefferson County.[1]

After the return of the verdict in the original litigation, the defendant authorized an appeal from any adverse judgment which might be rendered thereon after being quoted a fee for such services upon appeal. This was done by a letter addressed to plaintiff. On March 25, 1971, plaintiff submitted his statement for professional services and expenses in accordance with the prior agreement. On May 4, 1971, defendant forwarded its check for

1. This litigation reached this court as International Security Life Ins. Co. v. Melancon, 463 S.W.2d 762 (Tex.Civ.App., Beaumont, 1971, error ref. n. r. e.).

part of the amount due and, in the covering letter addressed to plaintiff in Beaumont reproduced in the margin, promised that the remainder would be sent "just as soon as possible." [2] Plaintiff brought suit to recover the balance due upon his statement of March 25, 1971, together with attorney's fees.

Defendant's plea of privilege, regular in form, was controverted by the plaintiff who invoked subdivisions 5, 23, and 28 of Art. 1995, Vernon's Ann.Civ.St., to maintain venue in Jefferson County. Defendant moved to strike the controverting plea, but such motion was overruled. At the conclusion of the hearing, the court overruled the plea of privilege and the appeal follows.

Plaintiff's controverting plea incorporated by reference his original petition, was supported by affidavit of his counsel, and in a separate paragraph alleged, "That venue of this suit is properly laid in Jefferson County, Texas, under the provisions of Article 1995, sub-sections 5, 23 and 28." Defendant's motion to strike contained exceptions to the controverting plea because "the necessary facts are not set out therein showing venue" under the particular subdivisions in that facts are not alleged showing (a) an obligation in writing requiring defendant to perform in Jefferson County; (b) that defendant is a corporation and the cause of action, or a part thereof, arose in Jefferson County; and (c) defendant is one of the types of insurance companies set out in subdivision 28 and that the suit is on a policy of insurance. Although the order overruling the plea of privilege does not so state, from the remarks of the trial judge at the conclusion of the hearing, it is clear that the order was based upon subdivision 23.

We agree with defendant that subdivision 28 cannot be utilized by plaintiff in maintaining venue. Other than proving that he was a resident of Jefferson County, plaintiff met none of the other requirements for maintaining venue under this subdivision. National Life Co. v. Rice, 140 Tex. 315, 167 S.W.2d 1021, 1024 (1943); Home Life & Accident Ins. Co. v. Phillips-Dupre Hosp., 287 S.W.2d 503, 504 (Tex.Civ.App., Amarillo, 1956, no writ); Combined American Insurance Company v. Gilmore, 428 S.W.2d 857, 860 (Tex.Civ. App., Fort Worth, 1968, no writ).

Plaintiff contends that he was required to perform his professional services in connection with the Melancon appeal in Jefferson County and that this satisfied the requirements of subdivision 5. We disagree. Even if it be conceded that plaintiff was required to perform his professional services in Jefferson County in connection with the appeal, which defendant authorized, we do not reach the result sought by plaintiff. Justice Pope, while upon the Court of Civil Appeals, said in Rogers v. Waters, 262 S.W.2d 521, 522 (Tex.Civ. App., San Antonio, 1953): "Venue under Section 5 is not controlled by the place where the contract requires the plaintiff to perform, but by the place where the contractual obligation sued upon requires the defendant to perform."

Ordinarily, a contract requiring the payment of money, which is silent as to the place of payment, is regarded as payable at the domicile of the payor. Texas Farm Bureau Cotton Ass'n v. Stovall, 113 Tex. 273, 253 S.W. 1101, 1106 (1923). In this case, however, plaintiff did not sue upon his original authorization to proceed with the appeal, but upon an account stated. Defendant, admitting the validity of plaintiff's account, sent a partial payment by mail addressed to plaintiff at his office in Jefferson County; and, more importantly, promised to send the balance, presumably

2. Signed by its vice-president and manager, this letter read, in part: "This will acknowledge receipt of your statement of charges in connection with the appeal of the above captioned cause. I am enclosing herewith our draft in the amount of $450.00 which is a partial payment of your fee in this connection. * * * I will endeavor to send you the balance just as soon as possible."

by mail, "as soon as possible." Plaintiff contends that in so doing, defendant fixed a place of performance of its obligation to pay, namely at plaintiff's office in Beaumont, Jefferson County, Texas. Reliance is placed upon the statement found in 1 McDonald, Texas Civil Practice § 4.11.5, n. 1 at 459 (1965 Rev. Vol.).

An examination of the cited text reveals that this statement is based upon Texas Gas Products Corporation v. Rowan, 317 S.W.2d 815 (Tex.Civ.App., Fort Worth, 1958, error dism.). In *Rowan,* the payments were " 'to be delivered or mailed to the parties thereto entitled at the address above given.' " The Court held that the primary obligation was to deliver the payments to the payee in Tarrant County and that the mailing provision was subsidiary thereto, granting to the payor an "agency through which the appellants could act in performing its obligation of delivery." (317 S.W.2d at 816)

In the case at bar, however, defendant's obligation to mail its check could be satisfied by depositing the same in the mail at Dallas, Texas, addressed to plaintiff at Beaumont. It did not contract in writing to deliver or to pay said sum to the plaintiff in Jefferson County or at a definite place therein. Browne v. Heid Bros., Inc., 12 S.W.2d 587, 589 (Tex.Civ.App., El Paso, 1928, no writ); Petroleum Engineering & Tool Co. v. Brandon Co., 232 S.W. 2d 247 (Tex.Civ.App., El Paso, 1950, no writ); Thomas v. Oil Belt Supply Company, 375 S.W.2d 527, 529 (Tex.Civ.App., Eastland, 1964, no writ).

■ Venue under subdivision 5 of Art. 1995 cannot be fixed by implication or doubtful constructions. Saigh v. Monteith, 147 Tex. 341, 215 S.W.2d 610, 613 (1948); McDonald, Texas Civil Practice, supra (§ 4.11.5, at 455). We are of the opinion that plaintiff's reliance upon subdivision 5 is misplaced.

■■ When we come to consider subdivision 23, we note that plaintiff did not allege that the defendant was a "private corporation, association, or joint stock company" as set out therein. Instead, the allegation was that defendant "is an insurance company with its principal office and place of business in Dallas, Dallas County, Texas." We note that there was no special denial under oath of the nature of the organization which was sued. We recognize the rule that a plea of privilege under Rule 86 does not constitute a denial under oath of plaintiff's allegations required by Rule 93 to be denied under oath. Many cases so hold, e. g., Maupin Construction Company v. Shields, 426 S.W.2d 663, 664 (Tex.Civ. App., Waco, 1968, no writ). However, we decline to apply this rule of law to the present case. Not having alleged that the defendant was a corporation, plaintiff is in no position to contend that because defendant did not deny its corporate existence under oath, such fact is to be taken as admitted.

■ The defects in plaintiff's controverting plea were pointed out by defendant before the court's action on the plea of privilege by proper objections to the introduction of testimony in support thereof, and in oral argument to the court upon the hearing. Thus, plaintiff is in no position to assert that the issue was tried by agreement. Cf. Leonard v. Maxwell, 365 S.W. 2d 340, 345 (Tex.1963).

Plaintiff requested leave to interline the allegation that defendant was a corporation and to make proof thereof from the record of the original *Melancon* suit. The trial court, being of the opinion that such was a "technicality," did not permit this to be done and we do not have any proof in our record of the nature of the defendant's legal status. Nor are we permitted to take judicial notice of such fact from our prior record in *Melancon.* Victory v. State, 138 Tex. 285, 158 S.W.2d 760, 763 (1942).

Although plaintiff testified upon the trial as to various meetings with officials of the defendant insurance company at which his continued representation of de-

fendant was discussed, we are not able to determine with certainty that the critical agreement was reached in Jefferson County. Defendant's continued and repeated objections to such line of testimony may very well have prevented a full development of this facet of the cause. Had such agreement been reached in Jefferson County for plaintiff to perform his professional duties in Jefferson County in connection with the *Melancon* litigation, venue could be maintained in Jefferson County. Such would require proper pleading and adequate proof. Cf. Members Mutual Insurance Company v. Carroll, 332 S.W.2d 581, 582 (Tex.Civ.App., Eastland, 1960, no writ).

■ We return to the "technicality" previously mentioned and readily agree that, in this instance, the description probably was accurate. However, in venue cases, a defendant is not to be denied his privilege by inference, implication, or innuendo. City of Mineral Wells v. McDonald, 141 Tex. 113, 170 S.W.2d 466, 468 (1943); Goodrich v. Superior Oil Co., 150 Tex. 159, 237 S.W.2d 969, 972 (1951); Saigh v. Monteith, supra, 215 S.W.2d at 611–612; Burtis v. Butler Bros., 148 Tex. 543, 226 S.W.2d 825, 830 (1950).

■ Although interlineation is permissible, ordinarily the amendment should be made by filing a new pleading. Buchanan v. Jean, 141 Tex. 401, 172 S.W.2d 688, 689 (1943).

■ Furthermore, in relying upon subdivision 23, plaintiff labored under the burden of proving that a cause of action arose in Jefferson County, not merely a prima facie cause of action. Victoria Bank & Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63, 66 (1941); Admiral Motor Hotel of Texas, Inc. v. Community Inns, 389 S.W.2d 694, 698 (Tex.Civ.App., Tyler, 1965, no writ).

■ We now adopt the remarks of Chief Justice Alexander in Buchanan v. Jean, supra, a venue appeal, as applicable to the case at bar:

"After very careful consideration of the case, we have concluded that the record as a whole presents error and that the ends of justice will be better subserved if the judgment is reversed and the cause remanded and the parties are given an opportunity to try the issues on their merits under properly drawn pleadings." (172 S.W.2d at 689)

Reversed and remanded.