Herbert C. CHAMBERS, Appellant,

v.

James A. CAUTHORN, Appellee.

No. 4965.

Court of Civil Appeals of Texas, Eastland.

Oct. 21, 1976.

H. Dustin Fillmore, Fillmore, Camp & Lee, Fort Worth, for appellant.

Edward C. Small and Dennis R. Reese, Small, Craig, Werkenthin, Austin, for appellee.

McCLOUD, Chief Justice.

This is a venue case. Plaintiff, James A. Cauthorn, sued defendant, Herbert C. Chambers, in Val Verde County, alleging defendant had defaulted in the payment of rent under a written lease agreement assigned by plaintiff to defendant. Chambers filed a plea of privilege, that was controverted, alleging he was a resident of Wichita County. The plea of privilege was overruled and defendant, Chambers, has appealed. We reverse and render.

Plaintiff entered into a lease agreement, as lessee, with W. M. Stool, as lessor. The lease was later assigned by plaintiff to defendant who became obligated to discharge all obligations of plaintiff under the lease.

Plaintiff contends that venue is proper under Subdivision 5 of Art. 1995, Tex.Rev. Civ.Stat.Ann., which provides:

"5. Contract in writing.—(a) Subject to the provisions of Subsection (b), if a per-

son has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

Plaintiff relies upon the following language found in the lease agreement:

"Until it receives other instructions in writing from Lessor, Lessee shall pay all rentals under this lease by check payable to the order of W. M. Stool and addressed to him in care of the Guarantee Store at Del Rio, Texas."

■■ The obligation sued upon is the obligation of defendant to pay rent. The question to be decided is whether the contract provides for payment in Val Verde County. The court may take judicial notice that Del Rio is located in Val Verde County. The place of performance, however, may not be established by implication. *Saigh v. Monteith,* 147 Tex. 341, 215 S.W.2d 610 (1948).

Defendant's obligation under the lease agreement is to pay "all rentals . . . by check payable to the order of W. M. Stool and *addressed to him* in care of the Guarantee Store at Del Rio, Texas." The lease does not expressly provide that rentals are to be paid at Del Rio, Texas. Only, that the checks are to be "addressed" to Stool at Del Rio, Texas. An agreement to address mail or a "check" to a definite place falls short of an agreement to pay at such place. The lease agreement does not provide for payment of rentals at Del Rio, Texas. Venue is not proper in Val Verde County under Subdivision 5 of Article 1995, Tex.Rev.Civ. Stat.Ann. *International Security Life Insurance Company v. Robichau,* 490 S.W.2d 871 (Tex.Civ.App.—Beaumont 1973, no writ); *Petroleum Engineering & Tool Co. v. Brandon Co.,* 232 S.W.2d 247 (Tex.Civ.App.—El Paso 1950, no writ); *Browne v. Heid Bros.,* 12 S.W.2d 587 (Tex.Civ.App.—El Paso 1928, no writ); *Thomas v. Oil Belt Supply Company,* 375 S.W.2d 527 (Tex.Civ.App.—Eastland 1964, no writ); *Dyer v. Metallic Build-*

*ing Company,* 405 S.W.2d 119 (Tex.Civ.App. —Eastland 1966, no writ).

The case of *Texas Gas Products Corporation v. Rowan,* 317 S.W.2d 815 (Tex.Civ. App.—Fort Worth 1958, writ dism'd) cited by the parties is not controlling. There the court held that the primary obligation under the written contract was that the payments were to be "delivered" to the payee in Fort Worth, Texas, and the optional mailing provision was subsidiary. The court said the words "or mailed" did no more than recognize an "agency through which the appellants could act in performing its obligation of delivery". The agreement under consideration does not provide that rental payments are to be made by checks "delivered" to Del Rio, Texas.

Plaintiff relies upon *Piper, Stiles & Ladd v. Fidelity & Deposit Company of Maryland,* 408 S.W.2d 800 (Tex.Civ.App.—Houston 1966, writ dism'd) which holds that a written agreement requiring a party to "remit" payments "to" a definite place within a county rather than "make" the payments "at" such place satisfies the requirements of Subdivision 5. We do not think that a requirement that payment be *sent to* a definite place, as opposed to *paid at* such place, constitutes an obligation to pay at such definite place as required by Subdivision 5. We, therefore, respectfully disagree with the language relied upon by plaintiff in *Piper, Stiles & Ladd v. Fidelity & Deposit Company of Maryland,* supra.

The order overruling defendant's plea of privilege is reversed and it is ordered that the cause against defendant be transferred to Wichita County.