Scott **SINGLETARY**, Appellant,

v.

Victor **KOPYCINSKI**, Appellee.

No. 8492.

Court of Civil Appeals of Texas, Beaumont.

April 24, 1980.

Jon B. Burmeister, Port Arthur, for appellant.

Robert Flournoy, Lufkin, for appellee.

CLAYTON, Justice.

Defendant below, Scott Singletary, appeals from an order overruling his plea of privilege to be sued in Jefferson County. Plaintiff below, Victor Kopycinski, sold to defendant a certain "catamaran sailboat," and defendant executed his promissory note wherein he promised to pay to plaintiff the sum of $1,100, in three payments, one of which in the amount of $365 was due July 1, 1979, the second payment of $365, due August 1, 1979, and the third for $370, due September 1, 1979. The note provided: "All payments will be sent to the order of Vic Kopycinski, P. O. Box 1528, Lufkin, Texas 75901."

Plaintiff's controverting plea avers that the parties "entered into a contract in writing that provides for an obligation to be performed in a particular county, being Angelina County, and providing for pay-

ment in Lufkin, Texas, and, therefore, venue exists in Angelina County, Texas, within the meaning of exceptions in Section 5, Article 1995. . . ." Plaintiff has not favored us with a brief.

The sole question before us is whether the above-quoted portion of the agreement constitutes a contract in writing to perform an obligation in a particular county, as contemplated by *Tex.Rev.Civ.Stat.Ann. art. 1995, subdivision 5* (Vernon Supp.1980), so as to maintain venue in Angelina County.

Defendant's obligation under the promissory note with reference to payment is "All payments will be sent to the order of Vic Kopycinski. . . ." The note does not expressly provide that payments will be made at Lufkin, Texas. Defendant's only obligation is to "send the payments" to plaintiff.

Exceptions to *article 1995* are strictly construed. They must be clearly established before a defendant can be deprived of his right to be sued in the county of his residence. A defendant is not to be denied his privilege by inference, implication, or innuendo. *City of Mineral Wells v. McDonald*, 141 Tex. 113, 170 S.W.2d 466, 468 (1943); *Goodrich v. Superior Oil Co.*, 150 Tex. 159, 237 S.W.2d 969, 972 (1951).

In the case at bar, defendant's obligation to mail his check, or any other form of payment, could be satisfied and performed by depositing the same in the mail at Beaumont, Texas, addressed to plaintiff at Lufkin, Texas. He did not contract in writing to deliver or to pay said sum to the plaintiff in Lufkin. *Browne v. Heid Bros., Inc.*, 12 S.W.2d 587, 589 (Tex.Civ.App.—El Paso 1928, no writ); *Petroleum Engineering & Tool Co. v. Brandon Co.*, 232 S.W.2d 247 (Tex.Civ.App.—El Paso 1950, no writ); *Thomas v. Oil Belt Supply Company*, 375 S.W.2d 527, 529 (Tex.Civ.App.—Eastland 1964, no writ); *International Security Life Insurance Company v. Robichau*, 490 S.W.2d 871 (Tex.Civ.App.—Beaumont 1973, no writ). An agreement to address mail or

a "check" to a definite place falls short of an agreement to pay at such place. *Chambers v. Cauthorn,* 543 S.W.2d 679 (Tex.Civ. App.—Eastland 1976, no writ).

Venue in Angelina County has not been established under *Tex.Rev.Civ.Stat.Ann. art. 1995, subdivision 5(a)* (Vernon Supp. 1980). The evidence in the record before us does not establish venue under *article 1995, subdivision 5(b).*

The order overruling defendant's plea of privilege is reversed, and it is ordered that the cause against defendant be transferred to Jefferson County, Texas.

REVERSED and RENDERED.